# IN RE CHRISTIAN HENDRICKS

G12/1997

Territorial Court of the Virgin Islands

Div. of St. Croix

March 25, 1998

INGRID HENDRICKS, PRO SE, Christiansted, U.S.V.I., *Petitioner*

LEE ROHN, ESQ., Christiansted, U.S.V.I., *for Respondent*

STEELE, *Judge*

## MEMORANDUM OPINION

## I. Introduction

Before the Court is a Motion to Vacate this court's order dated January 20, 1998 dismissing this guardianship matter with prejudice by reason of petitioner's long and persistent violation of the discovery process. Respondent filed a response in opposition to said Motion. The Court finding significant and substantial violations of the discovery process by petitioner and her former attorneys, and upon careful review of the parties briefs, and the factual posture of this guardianship proceedings, denies petitioner's Motion to Vacate this Court's dismissal Order.

## II. Facts

On May, 1996 Ingrid Hendricks ("petitioner") instituted guardianship proceedings to appoint herself as guardian of respondent's estate. Respondent, an eighty (80) years old man of substantial wealth, is also petitioner's father. In her petition, petitioner asserted that respondent's health has deteriorated to the point where he is no longer able to care for himself, and manage his complex financial estate.

On June, 1996 after a hearing, the Court found respondent competent to handle his affairs. However, noting that respondent was in the initial stages of Alzheimer, the Court noted in its Order the potential necessity for future hearing to determine respondent's competency. Petitioner appealed this Court's decision. However, the appeal was dismissed for lack of prosecution.

On April, 1997, petitioner, through attorney Michael Lee, filed another petition to appoint herself as respondent's guardian. Petitioner reiterated the same allegations she asserted in her 1996 guardianship petition. Petitioner also alleged that respondent suffered from a broken hip that rendered him incapable of caring for himself. Moreover, petitioner moved to be placed as interim guardian until the date of trial on grounds that respondent was being denied proper medical care, and that his estate was in severe

danger of depletion. Cognizant of the deeply seated familial discord that pervaded this entire guardianship matter, the various interests that could exist regarding respondent's substantial wealth, and noting that respondent was being cared for by friends and other family members, the Court denied petitioner's request for ex parte interim appointment, and scheduled this matter for trial on July 2, 1997.

■ On May 28, 1997 petitioner filed a subpoena duces tecum with the Court, and served a copy on respondent, requesting production of documents. A simple reading of the request revealed numerous documents with no relevance to the guardianship matter, and the Court could not but conclude that the motive behind such request for document production was simply dilatory.[1] Most of the requests for document productions dealt with respondent's financial affairs, and hardly with his physical and mental capacity, which are the essential issues in any guardianship proceeding. Concluding that petitioner's request for documents had no possible bearing on the guardianship proceedings, the Court by an Order of June 3, 1997 sanctioned petitioner's counsel, Michael Lee, $300 in attorney's fees.

On May 19, 1997 respondent filed interrogatories, and demand for document production. Petitioner failed to respond, forcing respondent to file Motion to Compel, which was granted. On June 17, 1997, respondent file a Motion for Summary Judgment to dismiss this matter. Due to the issues involved, and the argument posited by respondent's counsel, the Court rescheduled the trial set for July 2, 1997 to make a determination on the Motion. Despite the rescheduling, the Court did not preclude the parties from continuing with discovery, and therefore provided the parties additional time for discovery.

On June 26, 1997 petitioner filed Notice of Deposition Duces Tecum (Records Production Only) on respondent's counsel. In her request for records production, petitioner in clear violation of the court's Order of May 28, 1997 demanded, among other things,

---

[1] For example, petitioner requested copies of all bank records, canceled checks, bank deposit and/or withdrawals, copies of tax returns, copies of all living trusts instruments, agreements, and a document of all of respondent's assets.

copies of respondent's personal financial documents, account statements, tax returns, etc.; again documents with no relevance to the issues in this matter. The Court finding the violation wilful, and dilatory, issued an Order on June 20, 1997 granting petitioner's Motion for Protective Order and sanctioned petitioner's counsel another $300.

On July 7, 1997 respondent filed a set of interrogatories. Petitioner refused to appropriately respond to the interrogatories, causing respondent once again to file a Motion to Compel. The Court granted the Motion, albeit denying respondent's request for attorney's fees.

On September, 1998 the Court held a pre-trial conference to streamline the discovery process, set deadlines regarding the various phases of discovery, pleadings, and Motions. The Court also scheduled the matter for trial for November 23, 1998. Shortly after the pre-trial conference, respondent was not able to complete discovery due to petitioner's counsel departure from the U.S. Virgin Islands without notification. As a result of petitioner's counsel's departure, the Court modified its pre-trial schedule, extended the date of trial for another 60 days, and ordered petitioner to obtain new counsel. During mid-November, 1998 petitioner informed the Court of the death of a family member, and of the fact that she will not return to St. Croix until November 29, 1997. The Court granted petitioner's request for continuance until November 29, 1997, and modified the entire trial and discovery schedule accordingly to allow petitioner to attend the funeral. However, since November 29, 1997 petitioner failed to proceed with the prosecution for this matter, and has not responded to any of respondent's numerous discovery requests. Further, and significantly, petitioner failed to inform the Court and respondent's counsel of her intent to prolong her stay in the U.S. mainland.

From November 29, 1997 until January, 1998 respondent was without any means of contacting petitioner, which in turn precluded respondent from pursuing the needed discovery from petitioner. On January 20, 1998, the Court, after allowing petitioner thirty (30) days to respond to respondent's Motion to dismiss for abuse of the discovery process, and hearing nothing from petitioner, issued an Order dismissing petitioner's guardianship peti-

tion with prejudice. Shortly after the dismissal Order was served on the parties, petitioner filed Motion to Vacate the dismissal Order citing the funeral of her sister, and alleging that respondent's counsel mislead the Court regarding the proper service of the Motion for dismissal. Further, petitioner alleges that the address used by respondent's counsel was erroneous, and thus due to insufficiency of service of process, the Court must vacate its dismissal Order.

Based on the facts above, the Court must now determine whether the circumstances and facts of this matter demonstrate violation by petitioner, and her former lawyers, of the discovery process to such degree as to warrant the severe sanction of dismissal.

## II. Analysis

*A. FEDERAL RULES OF CIVIL PROCEDURE 37(a)*

■ Under RULE 37(a), the choice of sanctions for failing to comply with an order of the trial court lies with the sound discretion of the court. *See Spiller v. U.S.V. Laboratories, Inc.,* 842 F.2d 535, 537 (1st Cir. 1988). This discretion is entrusted to the court due to the court's intimate familiarity with the facts of the discovery process of each matter before it. *See Chilcutt v. United States,* 4 F.3d 131, 1324 (5th Cir. 1993); *Tamari v. Bache & Co.,* 729 F.2d 469, 472 (7th Cir. 1984); *Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 799 F.2d 1510 (11th Cir. 1986). The purpose of sanctions is to encourage compliance with the court's underlying discovery orders. *See National Hockey Club, Inc. v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642-643 (1976) (holding that the purpose of sanctions is to deter those tempted to engage in misconduct).

■ RULE 37(d) has been interpreted to allow the Court's use of various types of sanctions to enforce the integrity of the discovery process. Thus, recognizing the importance of securing compliance by the parties in a litigation, various precedents emphasize that a court is not precluded by its imposition of one discovery sanction for later imposing a more extreme sanction. *See e.g., Marquis Theatre Corp. v. Condado Mini Cinema,* 846 F.2d 86, 88 (1st Cir. 1988).

■ Accordingly, the trial court has broad discretion in determining whether to impose a monetary or non-monetary sanctions if a party to the action, without substantial justification, failed to appear for deposition, or to serve answers or objections to interrogatories or a written response to a request for inspection. *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10 (1st Cir. 1991); *Charter House Ins. Brokers v. New Hampshire Ins. Co.*, 667 F.2d 600, 605-606 (7th Cir. 1981).

■ Generally, the propriety of a sanction must be reasonable in light of the circumstances surrounding a litigant's violative conduct. Thus, while minor first failures by an offending party may visit monetary sanctions, repeated violations, refusal to comply with discovery requests, bad faith, and especially when such conduct cause irreparable prejudice and delay upon the other party, is addressed with more severe sanctions, including dismissal, or default judgment. Therefore, a sanction is reasonable only if its character and magnitude are proportionate to the severity of the violation of the underlying discovery order, and the harmful consequence of that violation. *Curlicue v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453-1454 (11th Cir. 1985); *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993) (proportionality is presumed when violation of discovery order is willful or in bad faith).

■ To emphasize again, while the trial Court is entrusted with broad discretion regarding the proper choice of sanctions, extreme sanction, such as default or dismissal, are reserved only in severe circumstances. When the likelihood of such sanction appears, sufficient inquiry must be made by the Court as to the severity of the offending party's conduct. *Hathock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36 (4th Cir. 1995). A research of case law reveals a legal test formulated by the Federal Court of Appeals in determining whether the dismissal sanction should be imposed. This test requires consideration of the following factors:

1) The prejudice to the adversary caused by the failure to comply with the discovery order.

2) Whether there is a history of dilatory conduct.

3) Whether the conduct of the party was willful or in bad faith.

4) The effectiveness of alternative sanctions.

5) The merits of the claim or defense.

*See Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 922 (3d Cir. 1992); *see also* 7 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37.50 (3d ed. 1997).

In applying the above factors, clearly, the intent of the offending litigant is not a factor of consideration. Moreover, although RULE 37(d) does not provide special treatment for pro se litigants. However, this Court provides great flexibility and latitude when reviewing discovery abuse by pro se litigants.

Based on the above principles, and mindful of petitioner's current pro se status, the Court examines petitioner's conduct to determine whether the sanction of dismissal is warranted.

*B. Petitioner's Conduct Substantially Abused the Discovery Process Warranting the Sanction of Dismissal*

As stated previously, the sanction of dismissal is a severe sanction, and its use should be reserved only in instances of substantial abuse. In the instant guardianship matter, this Court utilized various milder sanctions in the past to enforce the discovery rules, albeit to no avail. Accordingly, we find, for the reasons stated below, that the only appropriate sanction here is dismissal with prejudice.

First, petitioner sought irrelevant and burdensome discovery from respondent. Most of the attempts at discovery by petitioner centered substantially around the irrelevant financial status of respondent's bank accounts, trusts, property, etc., which in turn resulted in numerous valid objections by respondent's counsel, and unnecessary legal expenses and other costs expended by respondent in responding to petitioner's irrelevant discovery attempts of respondent's financial position. Unlike most civil matters, guardianship proceedings usually reflect one underlying simple theme and issue: whether a proposed ward's mental and physical abilities are so compromised as to require the appointment of a guardian. Discovery in guardianship proceedings involve evidence regarding the capacity of the proposed ward to care

for himself, not the size of his bank accounts. The Court finds that these persistent attempts by petitioner at discovery of irrelevant information, burdensome request for financial documents, bank accounts, trust instruments, in flagrant violation of this Court orders, were done wilfully, and in bad faith.

Second, the Court finds that the violations here were not isolated, nor occasional, but a part of a consistent pattern of breaches. Petitioner repeated requests for numerous irrelevant financial documents, and the nature of the interrogatories, were not the only violations; but also her refusal to provide respondent with answers to her interrogatories, and honor, or timely object, to respondent's notice of depositions.

Third, petitioner's violations were not attributed to circumstances beyond her control. Petitioner never provided the Court with reasons for not complying with respondent's request for discovery, or for not attending depositions. Moreover, even after the Court set by way of Order specific deadlines regarding discovery, motions, and a date of the trial, respondent's discovery requests and request for depositions still went unanswered. Further, despite the departure of attorney Michael Lee from this matter, no attempt was made by petitioner to cooperate with her second counsel Ulpiano Falcon-Matos. This resulted in Mr. Matos' withdrawal, and the forced rescheduling of the trial. Accordingly, the Court finds that the violations were all subject to circumstances within petitioner's control.

Fourth, the violations attributed to petitioner's conduct has forced respondent to expend substantial and unnecessary attorney's fees, and delayed and prejudiced respondent's ability to obtain important discovery, and prepare for trial. Moreover, the Court notes that respondent was without alternative channels to discover the required information other than from petitioner herself. Therefore, while cognizant of petitioner's status as pro se, petitioner's refusal to submit to deposition, and to provide respondent with the requested documents, effectively precluded respondent from preparing for trial.

Petitioner argues however that she was away, and was not informed of any filings by respondent's counsel. However, upon review of petitioner's request for continuance, the Court notes that

petitioner's continuance Motion stated that petitioner would return back on November 29, 1997, and required additional time to retain new counsel. Upon review of the file, the Court finds that petitioner never sought new counsel, nor informed the Court of the fact that she would be away well after November 29, 1997. Further, all of the discovery requests and Motions filed by respondent's counsel occurred after November 29, 1997.

In her Motion to Vacate, petitioner argues that respondent "intentionally" mislead the Court by filing all discovery requests and Motions to an old address, thereby denying petitioner proper service of process. We are not persuaded. A review of the certificates of service annexed to each of respondent's Motions and discovery requests indicate that a copy of these documents were mailed to the same address petitioner provided the Court. Further, if in fact respondent's counsel was mailing her Motions and discovery requests to an erroneous address, petitioner would also not have been able to receive respondent's Motion to dismiss, and would have thus never filed her instant Motion to vacate. Thus, it is difficult to believe that while all of respondent's motions and discovery requests where never received by petitioner, suddenly only the Motion to dismiss was correctly mailed to petitioner.

The Court finds this pattern of evasiveness and recalcitrance unacceptable, and substantial grounds for dismissal of this matter. In sum, the Court finds that a delay of nine months has prejudicially undermined respondent's right to discovery, and to prepare sufficiently for trial. An examination of the record reveals that while respondent complied with petitioner's requests for discovery, the same cannot be said for petitioner's compliance with respondent's discovery requests. Despite petitioner's repeated refusal of compliance with her opposing party's discovery requests, and the numerous Court sanctions, the Court withheld its discretionary hands from handing down the sanction of dismissal, especially when petitioner informed the Court of the disappearance of one of her attorneys, Michael Lee.

However, any party to a litigation, whether pro se or not, must diligently pursue his/her legal rights, comply with the Court's orders, respect the rules and laws, extend Courtesy to the other party's requests, and voice any objections, if any, in a timely

manner. This Court will not tolerate substantial delays, and unsupported defamatory allegations of deceit and misrepresentations by one party against the other, as has been the case in this matter.

## III. Conclusion

■ The trial Court is vested with discretion in imposing a sanction upon a party for its violation of the discovery process, under RULE 37(d) of the FEDERAL RULES OF CIVIL PROCEDURES. This discretion is exercised in light of the offending party's conduct, and circumstances of the case. Here, petitioner failed to comply with the Court's orders, failed to cooperate with opposing counsel, and failed to apprise the Court for her extended leaves.

Dismissing a matter based on grounds other than its merit, is a decision this Court indeed hesitates to take. However, in this case dismissal is the only appropriate sanction as this Court has already exhausted the other milder sanction with no success in securing petitioner's compliance with the rules of discovery. Accordingly, petitioner's Motion to Vacate is Denied.

### ORDER

This matter is before the Court on petitioner, Ingrid Hendrick's, Motion to Vacate and Set Aside this Court's January 20, 1998 Order dismissing this guardianship matter with prejudice for petitioner's abuse of the discovery process, noncompliance with this Court's Orders, and lack of cooperation with opposing counsel. Respondent filed an oppositional response to petitioner's said Motion. The Court, having considered the premises of the premises in the parties' Motions, and based on the analysis of the Memorandum Opinion accompanying this Order, it is hereby

ORDERED that Petitioner's Motion to Vacate and Set Aside is DENIED.

ORDERED that copies of this Order and the Memorandum Opinion be served on the parties of record.

DONE AND SO ORDERED this Wednesday, March 25, 1998.