**Opinions of the United States Court of Appeals for the Third Circuit**



10-17-2005

# Clarke v. Secretary Veterans

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4432

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Clarke v. Secretary Veterans" (2005). *2005 Decisions.* Paper 395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4432

———

LILIETH A. CLARKE

Appellant

v.

*JAMES R. RICHARDSON, SECRETARY OF VETERANS AFFAIRS,
UNITED STATES VETERANS ADMINISTRATION

*(Substituted pursuant to F.R.A.P. 43(c))

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No: 01-cv-0111)

District Judge: The Honorable Gary L. Lancaster

———

Submitted pursuant to LAR 34.1(a)
on September 26, 2005.

Before: RENDELL, FUENTES,
and GARTH, Circuit Judges

(Filed:  October 17, 2005)
_____

OPINION OF THE COURT
_____

Fuentes, Circuit Judge.

The Appellant, Lilieth A. Clarke ("Clarke"), filed two complaints against her former employer, the United States Veterans Administration (the "Veterans Administration"), alleging employment discrimination. The two cases were eventually consolidated. On or about June 12, 2002, Clarke's counsel withdrew from the cases. Clarke repeatedly asked, and was granted, additional time to obtain new counsel, but failed to obtain new counsel for approximately two years. After Clarke failed to appear for her deposition in violation of the District Court's Order of July 2, 2004, the District Court granted the Veterans Administration's Motion to Dismiss Pursuant to Rule 41(b), and dismissed the action in its entirety. Clarke now appeals this dismissal. We affirm.

## I.

Because we write only for the parties, we recite only the essential facts.

Clarke, a nurse of African-Caribbean origin, was an employee of the Veterans Administration from 1981 until 1999. In 1998, Clarke filed an employment discrimination suit against the Veterans Administration. In July 1999, Clarke's counsel withdrew from the representation. Clarke proceeded pro se, and retained new counsel in November 2000, two months before trial. On January 25, 2001, after a trial, a jury returned a verdict in Clarke's favor and awarded her $250,000.

Clarke, through her new counsel, filed two additional complaints against the Veterans Administration on January 16, 2001 and June 14, 2001, alleging employment discrimination and retaliation. The District Court consolidated the two cases on

2

November 20, 2002.

On June 14, 2002, the trial court permitted Clarke's counsel to withdraw from the cases. Clarke did not object. The District Court allowed Clarke until July 29, 2002, to have new counsel enter an appearance, or else the District Court would consider her as proceeding pro se. (Order dated Jun. 14, 2002, Appellant's Appendix at 38a.) On July 25, 2002, Clarke moved for an additional 60 days to secure new counsel. The District Court granted the motion, and allowed her until September 30, 2002, to retain counsel. (Order dated Jul. 30, 2002, Appellant's Appendix at 60a.) On or about September 27, 2002, Clarke requested an additional 30 days to retain counsel. The District Court granted the motion, and allowed her until Oct. 31, 2002, to retain counsel. (Order dated Oct. 1, 2002, Appellant's Appendix at 66a.) Clarke did not request additional time until January 21, 2003, when she requested two additional months to retain new counsel. The District Court granted the motion, and allowed Clarke until March 31, 2003, to retain counsel. (Order dated Feb. 3, 2002, Appellant's Appendix at 55a.) On January 27, 2003, the District Court issued an Order stating that discovery in the case would close on May 16, 2003, and setting due dates for pretrial statements in June. (Order dated Jan. 27, 2003, Appellant's Appendix at 74a.)

When Clarke could not meet the deadlines for retaining counsel and submitting a pretrial statement, the District Court provided Clarke with a delinquency notice and extended the deadline. On June 30, 2003, Clarke, unable to meet the new deadline,

3

requested an additional 30 days to retain new counsel and file her pretrial statement. The District Court granted Clarke an additional 90 days, allowing her until September 30, 2003, to retain counsel, and explicitly stated that no further extension would be granted. (Order dated Jul. 2, 2002, Appellant's Appendix at 96a.) The District Court extended the deadlines for the filing of Clarke's and the Veterans Administration's pre-trial statements to October 20, 2003, and December 1, 2003, respectively. (Id.) On October 20, 2003, Clarke filed her pretrial statement, in which she indicated that she had been unable to attain new counsel.

On March 30, 2004, the District Court granted the Veterans Administration's motion for permission to take Clarke's deposition out of time, allowing the Veterans Administration until April 30, 2004, to take Clarke's deposition. (Order dated Mar. 30, 2004, Appellant's Appendix at 88a.) On April 15, 2004, the Veterans Administration noticed Clarke's deposition for April 22, 2004. (Appellant's Appendix at 113a.) Clarke informed the Veterans Administration that she was unable to be deposed at that time, and gave the Veterans Administration her work hours to schedule a different time. The Veterans Administration sent her a second notice of deposition on April 21, 2004, scheduling the deposition for April 28, 2004. (Id. at 112a.) On April 22, 2004, Clarke faxed to the Veterans Administration a motion requesting that the District Court defer her deposition until after 1 p.m. on May 14, 2004. (Id. at 118a) Upon receipt of the fax, the Veterans Administration agreed to the postponement, and requested that Clarke provide

the Veterans Administration with a list of potential dates and times. (Id. at 131a.) Clarke did not respond.

On April 30, 2004, the Veterans Administration moved for more time in which to depose Clarke, moved to compel Clarke to appear for deposition on May 24, 2004, and sent Clarke a notice of deposition for that date. (Id. at 130a, 135a, 139a. ) On the morning of May 24, 2004, Clarke spoke by telephone with an administrative assistant to the Veterans Administration's counsel. Clarke informed the assistant that she had retained counsel, that Clarke's new counsel would contact the Veterans Administration to arrange a date to reschedule Clarke's deposition, but that Clarke would appear for the deposition that day, although possibly later than the scheduled time. The Veterans Administration received a fax later that morning from Lisa Lyons Ward, Esq. ("Ward") representing that Clarke had retained her as counsel and requesting that the Veterans Administration reschedule the deposition for the next week. The Veterans Administration was unable to contact either Clarke or Ward by phone, and Ward had not entered an appearance as Clarke's counsel. Clarke arrived for deposition without an attorney and requesting a postponement, and the Veterans Administration refused to reschedule. Clarke refused to answer any substantive questions.

On June 4, 2004, the Veteran's Administration filed its second motion to compel Clarke's appearance at her deposition noticed for June 15, 2004. (Id. at 166a.) The June 15, 2004 deposition did not take place. Although Ward had not entered an appearance,

the Veterans Administration attempted to contact her to schedule a deposition, with no success.

On July 2, 2004, the District Court granted the Veterans Administration's motion to compel, ordering Clarke to appear no later than July 30, 2004 for deposition. (Id. at 186a.) The Veterans Administration sent out a notice of deposition scheduling Clarke's deposition for July 21, 2004. (Id. at 206a.) Clarke did not appear for deposition on that date. At no time has Ward entered a notice of appearance.

On July 23, 2004, the Veterans Administration moved to dismiss Clarke's action for failure to prosecute. (Id. at 226a.) Following Clarke's responsive pleading, the District Court granted the motion and dismissed the action. (Memorandum and Order of October 20, 2004, Appellant's Appendix at 1a.) Clarke timely appealed.

## II.

This Court reviews a district court's ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for abuse of discretion. See Adams v. Trustess of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994). An abuse of discretion exists "only when the judicial action is arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." Evans v. Buchanan, 555 F.2d 373, 378 (3d Cir. 1977).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984),

6

this Court set forth six factors that a district court must consider before dismissing an action for failure to prosecute: 1) the extent of the nonmoving party's personal responsibility; 2) the prejudice to the moving party caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.

Here, the District Court's application of these factors was not an abuse of discretion. The District Court considered each factor delineated in Poulis and concluded that dismissal was proper. The District Court noted that, unlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation. (Order dated October 20, 2004, Appellant's Appendix at 4a-5a.) Moreover, although failure to prosecute would result in the defendant indirectly prevailing, the district court correctly acknowledged that the defendant has an interest in having litigation brought to an end, and was prejudiced by the expense and inconvenience in the plaintiff's continued delay and failure to appear for deposition. (Id. at 5a.) See Ware v. Rodale Press, Inc., 322 F.3d 218, 222-24 (3d Cir. 2003) (finding prejudice to defendant in plaintiff's delay and failure to comply with requests for discovery). As the District Court noted, the plaintiff had a history of dilatoriness in her failure to take any substantial action, her repeated requests for delays,

7

and refusal, in violation for a court order, to be deposed. (Id. at 5a-6a.) The District Court's conclusion that the plaintiff was acting willfully or in bad faith was based upon the plaintiff's failure to respond to the court's order compelling her to appear for deposition, her repeated failure to retain new counsel, and the fact that the plaintiff, having recently and successfully brought a similar case, was not unfamiliar with the judicial processes involved. (Id. at 6a.) Given that the plaintiff would likely be unable to pay monetary sanctions, the Court concluded that there were no viable alternative sanctions. (Id. at 6a-7a.) Although the plaintiff now argues that the District Court should have used civil or criminal contempt as an alternative sanction, this argument is without merit. Civil contempt is used as a coercive measure, and is not appropriate to coerce a plaintiff into proceeding with a case that she voluntarily commenced. Criminal contempt is a punitive sanction that would be inappropriately harsh for a failure to prosecute. Finally, although the District Court found that the plaintiff's claim was not frivolous, this consideration does not outweigh the other Poulis factors, which support the District Court's decision to dismiss the case. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) (stating that not all Poulis factors need be met in order for district court to grant motion to dismiss pursuant to Rule 41(b)). In the end, the District Court was more than fair and considerate of Clarke's many scheduling problems.

For the reasons stated in the District Court's well-reasoned and thorough opinion, we find that the motion to dismiss was properly granted. We therefore affirm.

8