**MAJESTIC CONSTRUCTION, INC., Appellant**
**v.**
**JCB INTERNATIONAL, CO., INC., et al., Appellee**

D.C. Civ. App. No. 2003-159

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 21, 2006

PEDRO K. WILLIAMS, ESQ., St. Thomas, U.S.V.I., *For the appellant.*

RICHARD H. HUNTER, ESQ., St. Croix, U.S.V.I., *For the appellee.*

FINCH, *Chief Judge of the District Court of the Virgin Islands;* GOMEZ, *Judge of the District Court of the Virgin Islands;* and ROSS,[1] *Judge of the Superior Court, Division of St. Croix, sitting by designation.*

## JUDGMENT OF THE COURT

(August 21, 2006)

## I. INTRODUCTION

Majestic Construction, Inc., ("Majestic") appeals from an order of the Superior Court[2] dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 37, for Majestic's failure to produce requested corporate tax returns and to comply with the court's previous orders to produce said discovery. Majestic alleges that the trial court abused its discretion when it dismissed this matter as a discovery sanction without satisfying the requisite balancing test. For reasons discussed below, we will vacate the trial court's order and remand this matter.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2001, Majestic brought this action for breach of contract, breach of warranty, and damages against JCB International Co., Inc.

---

[1] While Judge Ross participated in the panel discussion, he did not participate in the decision after his retirement.

[2] At all times relevant to this petition, the lower court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

("JCB"), a manufacturer, and Kane Caribbean, Inc., ("Kane"), a distributor. Majestic alleged that in June 1999, it purchased a JCB 409 Loader from Kane and subsequently experienced problems with performance of the loader, causing it to suffer a loss of corporate revenue.

On August 28, 2001, JCB filed a notice of service, informing the court that it had mailed its interrogatories and production demands to Majestic. JCB's production demands required Majestic to produce, *inter alia,* its corporate income tax returns for the years 1997, 1998, 1999, and 2000. On November 6, 2001, the parties filed a stipulated order pursuant to the Rule 26(f) scheduling conference ("Stipulated Order"). The Court approved the Stipulated Order on November 26, 2001.

According to the Stipulated Order, Majestic was required to respond on or before November 21, 2001, to JCB's interrogatories and production demands served upon Majestic on August 28, 2001. By a letter dated December 3, 2001, JCB advised Majestic that it had not yet received Majestic's responses to its August 28, 2001, discovery requests per the Stipulated Order. JCB further advised Majestic that if the discovery responses were not already in the mail, the parties should meet and confer to try to resolve the dispute.

On January 10, 2002, JCB filed a motion to compel compliance with Stipulated Order and for sanctions. The motion stated that Majestic had failed to respond to discovery requests by November 21, 2001, per the Stipulated Order. It also requested that Majestic be ordered to serve responses no later than January 21, 2002, and that all Majestic's objections to the outstanding discovery requests other than that of attorney-client privilege be stricken. On or about January 15, 2002, Majestic filed its response in opposition to JCB's motion to compel compliance with Stipulated Order and for sanctions; On January 22, 2002, the trial court ordered Majestic to respond to JCB's August 28, 2001, discovery requests no later than January 25, 2002. Additionally, the trial court struck all objections to the discovery other than those based on the attorney-client privilege.

On November 18, 2002, JCB filed a motion for sanctions, informing the trial court that Majestic had failed to produce discovery responses pursuant to the court's January 22, 2002, order. Namely, Majestic objected to the production demand for its corporate income tax returns and documents from other lawsuits. Majestic also failed to produce an original tax record authorization form. On December 18, 2002, the trial

439

court *sua sponte* referred this matter to mediation. The trial court also granted JCB's Motion for Sanctions, ordering that no later than December 31, 2002, Majestic comply fully with the trial court's January 22, 2002 order, including producing all documents requested by JCB in Numbers 5, 11, and 14 of its production demands.

By letter dated December 19, 2002, counsel for Majestic requested that Majestic's secretary/treasurer, Cheryl Sturgess ("Sturgess"), submit the documents necessary to comply with the trial court's December 18, 2002, order to produce discovery responses. The corporate deposition of Majestic was taken on January 31, 2003, at which time Sturgess testified on Majestic's behalf. Majestic failed to produce its corporate income tax returns at the corporate deposition. Sturgess did, however, deliver to JCB an executed tax authorization form, purportedly authorizing JCB to obtain Majestic's tax information for 1997, 1998, 1999, and 2000. On February 3, 2003, counsel for JCB forwarded to the Virgin Islands Bureau of Internal Revenue ("IRB") the tax authorization form signed by Sturgess and requested copies of Majestic's tax returns. By telefax dated May 20, 2003, the IRB informed JCB that its request for Majestic's corporate income tax returns could not be completed "because the authorized officer for the corporation does not match the returns on file." [Supplemental App. 87.]

On March 13, 2003, JCB filed another motion for sanctions, informing the court of Majestic's continued refusal to produce copies of its corporate income tax returns pursuant to Production Demand Number 5 and requesting that the complaint be dismissed as a sanction for Majestic's failure to obey the court's orders regarding discovery. Majestic filed its response in opposition on March 28, 2003. On August 20, 2003, the trial court granted JCB's motion for sanctions, dismissing the complaint and ordering Majestic to pay JCB reasonable expenses incurred in filing the Motion for Sanctions.[3] Majestic subsequently filed this appeal.

---

[3] In its order dismissing the complaint, the trial court noted that "[b]ecause the Complaint alleges that Defendant Kane acted only as the agent/broker for Defendant JCB when it contracted with the Plaintiff to purchase the equipment at issue, Defendant Kane cannot be held personally liable on the contract." In support thereof, the trial court cited the RESTATEMENT (SECOND) OF AGENCY § 320; *Cover v. Island Cars of St. Croix*, 18 V.I. 156, 159 (Terr. Ct. 1982); and *Homer v. Lorillard*, 6 V.I. 558, 575 (Terr. Ct. 1967).

## III. DISCUSSION

### A. Jurisdiction and Standard of Review

█ This Court has jurisdiction to review final judgments and orders of the Superior Court. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court);[4] Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a.[5] On review of a court's dismissal of an action for failure of the plaintiff to timely respond to discovery, the reviewing court must determine whether the court abused its discretion in so doing. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).

### B. The Trial Court's Discretion Pursuant to Rule 37

█ In determining whether the trial court abused its discretion in dismissing a case under Rule 37, the reviewing court examines the manner in which the trial court balanced the following factors and whether the record supports its findings:

(1)    the extent of the party's personal responsibility;

(2)    the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)    a history of dilatoriness;

(4)    whether the conduct of the party or the attorney was willful or in bad faith;

(5)    the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)    the meritoriousness of the claim or defense.

*See Poulis*, 747 F.2d at 868; *see also In United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003) (opining that

---

[4]   . Our jurisdiction in this regard was previously provided under title 4, section 33 of .the Virgin Islands Code.

[5]    The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2000), *reprinted in* V.I. CODE ANN. 73-177, Historical ·Documents, Organic Acts,. and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

all six of these factors must be weighed in determining whether dismissal is justified).

## 1. Party's Personal Responsibility

The *Poulis* Court explains the first factor to be considered in determining the appropriate sanction is "[t]he extent of the party's personal responsibility."[6] *Poulis*, 747 F.2d at 868. The record in this case establishes that this is a situation in which the subject dismissal is predicated in large part upon Majestic's failure. At the beginning of the discovery dispute here, counsel for Majestic acknowledged that it was unable to respond to JCB's discovery requests by November 21, 2001, per the Stipulated Order, because Majestic's corporate designee, Sturgess, "was still off island seeking medical attention and could not respond to the outstanding discovery." [J.A. 16.] Nonetheless, Sturgess' absence at the time of the November 21, 2001, stipulated discovery deadline does not constitute a valid excuse for Majestic's failure to produce the requested documents by the court's subsequent discovery deadlines of January 25, 2002, and December 31, 2002. Indeed, Majestic acknowledged that the delays in producing the requested corporate tax returns were its responsibility and assigned as the reason Majestic's failure to locate the documents.[7]

---

[6] The trial court considered only the five factors enumerated by *In re Hendricks*, 38 V.I. 127 (Terr. Ct. 1998), which are identical to the factors of *Poulis* absent the personal responsibility factor. Mindful of the petitioner's *pro se* status, the *In re Hendricks* Court did not consider the petitioner's personal responsibility, noting that it grants "great flexibility and latitude when reviewing discovery abuse by *pro se* litigants." 38 V.I. at 133. The offending party in this matter was not representing itself *pro se*, but was duly represented by learned counsel. Furthermore, it is well-established in the Third Circuit that all six *Poulis* factors must be considered in reviewing the appropriateness of sanctions, even when a litigant represents himself *pro se*. *See, e.g., Clarke v. Richardson*, 153 Fed. Appx. 69 at *3 (3d Cir. 2005) (finding a *pro se* litigant directly responsible for her actions and inaction in the litigation) (unpublished).

[7] Once Majestic discovered that it could not locate its corporate tax returns, it could have submitted a properly executed tax authorization form to the IRB and thereby retrieved the documents to submit them to JCB. Majestic did not do so. Majestic did, however, deliver to JCB an executed tax authorization form. Nevertheless, the form proved unfruitful in JCB's efforts to obtain Majestic's corporate tax returns from the IRB because Majestic had failed to properly execute the authorization form.

In *Poulis,* there was no showing of personal responsibility by the parties; the entire blame lay with counsel. In contrast, personal responsibility is clearly reflected here and militates in favor of a severe sanction against Majestic.

## 2. Prejudice to the Adversary

In *Ware v. Rodale Press, Inc.,* 322 F.3d 218 (3d Cir. 2003), the court found prejudice to the defendant in the plaintiff's delay and failure to comply with requests for discovery. The *Ware* Court further held that for the purpose of *Poulis* analysis, "prejudice" does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." 322 F.3d at 222.

In light of *Ware,* this Court agrees with the trial court's holding that Majestic's failure to produce its corporate income tax returns unduly prejudiced JCB. Without Majestic's tax returns, JCB was unable to use the documents in its deposition of Majestic's designated corporate witness and otherwise adequately prepare a defense to Majestic's claims for loss of corporate income. JCB was further prejudiced as it was forced to expend money filing multiple motions to obtain court orders to force Majestic to comply with discovery requests. *See Curtis T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co.,* 843 F.2d 683, 693-694 (3d Cir. 1988) (upholding the district court's finding that discovery abuses were prejudicial due to costs expended in obtaining compliance); *see also Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994) ("Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.").

## 3. History of Dilatory Conduct

The trial court reviewed Majestic's history over the discovery phase of the litigation and noted its repeated failure to produce its corporate tax returns as requested and ordered. The trial court ultimately dismissed this matter for Majestic's failure to produce requested documents nearly two years after JCB had served its production demands upon Majestic.

Furthermore, Majestic failed on three separate occasions to comply with trial court orders to produce requested corporate tax returns.[8]

In *Poulis,* the court explained that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. ... A history by counsel of ignoring these time limits is intolerable." 747 F.2d at 868. Accordingly, Majestic's conduct here can be deemed intolerable as a pattern of dilatoriness that frustrates the very purpose of discovery. *Cf. Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 611 F.2d 32, 36 (3d Cir. 1979) (finding that the appellant's repeated failure to answer interrogatories as directed, produce documents as stipulated and appear for depositions constitutes a course of conduct that frustrates the fundamental purpose of discovery to provide adequate information for litigants to effectively prepare for trial).

### 4. Whether Conduct was Willful or in Bad Faith

The trial court's finding that Majestic was acting willfully or in bad faith was based upon Majestic's objection to the requested tax returns as "irrelevant and immaterial" and Majestic's conduct in producing a tax authorization form in lieu of the requested tax returns. The trial court noted that such conduct was deliberate and willful and in direct contravention to the court's orders. Upon review of the record here, this Court agrees with the trial court's finding that Majestic's conduct was indeed willful. It was undoubtedly in direct conflict with two of the three relevant court orders here, namely the court orders of January 22, 2002 and December 18, 2002, which specifically directed Majestic to produce the requested tax returns. *See Nat'l Hockey League,* 427 U.S. at 640-641 (approving dismissal as a proper response by the trial court when the plaintiffs failed to respond to important interrogatories despite numerous extensions and commitments to the court).

### 5. Effectiveness of Alternative Sanctions

Notwithstanding the *Poulis* factors that weigh in favor of a severe sanction against Majestic for its discovery failures, *Poulis* emphasizes that dismissals with prejudice are drastic sanctions that should be reserved for extreme situations. Courts should, therefore, choose less drastic sanctions as a deterrent to discovery violations when such

---

[8]    Majestic never produced its tax returns as requested and ordered.

sanctions are available. In fact, *Poulis* requires courts to consider the effectiveness of sanctions other than dismissal, and such consideration entails an analysis of alternative sanctions. 747 F.2d at 868.

■ The trial court failed to make such a consideration here. While Majestic's discovery violations and blatant disregard to adhere to the court's orders begs for sanctioning, the trial court made a fatal flaw in appropriating the most drastic sanction without first considering other alternatives, as required by *Poulis.*

## 6. Meritoriousness of Claim or Defense

The trial court did not dispute that Majestic's claims may have merit. This Court, too, finds no reason to deny the meritoriousness of Majestic's claims.

## IV. CONCLUSION

■ In consideration of the foregoing, we hereby find that the trial court did not consider the effectiveness of alternative sanctions. This Court finds that the trial court failed to satisfy the requisite balancing test applied in *Poulis.* Such a fatal flaw constitutes abuse of discretion.

Accordingly, we hereby VACATE the subject dismissal order and REMAND with instructions that the trial court consider alternatives to dismissal.