**NOVELLE WATTS, JR., Appellant/Plaintiff**

**v.**

**TWO PLUS TWO, INC., and WAYNE BELL, Appellees/Defendants**

S. Ct. Civ. No. 2007-0127

Supreme Court of the Virgin Islands

August 24, 2010

DARWIN K. CARR, ESQ., Law Office of Darwin K. Carr, St. Croix, USVI, *Attorney for Appellant.*

EMILE A. HENDERSON III, ESQ., Law Offices of Yvette D. Ross-Edwards, St. Croix, USVI, *Attorney for Appellee.*

WAYNE BELL, St. Croix, USVI, *Pro se.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(August 24, 2010)

HODGE, *Chief Justice.* Appellant Novelle Watts, Jr., (hereafter "Watts") appeals from an October 19, 2007 Superior Court Order dismissing his lawsuit against Appellees Two Plus Two, Inc. (hereafter "Two Plus Two") and Wayne Bell (hereafter "Bell") (collectively "Appellees") for lack of

prosecution. For the reasons that follow, we hold that the Superior Court abused its discretion and reverse its dismissal order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2003, Watts initiated civil proceedings against Appellees in the Superior Court, seeking damages for injuries arising from a December 29, 2002 altercation between him and Bell in front of Two Plus Two's business establishment. Two Plus Two submitted its answer on June 6, 2003, and on July 25, 2003 notified the Superior Court that it had demanded production of documents from Watts. However, Watts's counsel did not respond to this demand.

In an October 26, 2006 Order, the Superior Court, observing that the matter had "remained dormant for over three (3) years," ordered "that the parties take the appropriate steps to move this case forward within thirty (30) days, failing which this matter will be dismissed." On October 31, 2006 and November 6, 2006, Watts's counsel notified the Appellees and the Superior Court that he had scheduled Bell's deposition. Nevertheless, when Watts's counsel deposed Bell on November 16, 2006, counsel for Two Plus Two did not appear.

The Superior Court *sua sponte* entered two orders in the case on February 16, 2007. In the first order, the Superior Court referred the matter to mediation. However, the second order established various scheduling deadlines, including the mediation deadline, dates for conclusion of factual discovery, submission of expert disclosures and depositions, filing of dispositive motions, and the dates of calendar call, jury selection, and trial. In its scheduling order, the Superior Court noted "that any party's failure to proceed as ordered will result in the Court imposing appropriate sanctions."

On May 5, 2007, Two Plus Two — now represented by a different attorney — sent a letter to Watts's counsel which (1) demanded that Watts's counsel provide the initial discovery disclosures mandated by Federal Rule of Civil Procedure 26; (2) inquired as to the outstanding response to the July 25, 2003 demand for discovery; (3) requested that Watts and any of his witnesses be deposed on May 18 or May 21-25, 2007; and (4) suggested three proposed mediators. After having received no response to the May 5, 2007 letter, Two Plus Two's counsel sent Watts's counsel a second letter on June 13, 2007 — which contained a

copy of the May 5, 2007 letter — and also faxed both letters to Watts's counsel. However, Watts's counsel still did not submit a response.

Two Plus Two filed a motion to dismiss Watts's complaint on July 16, 2007, on the basis that Watts had failed to prosecute the action because the deadlines for factual discovery and Watts's expert disclosures established in the February 16, 2007 scheduling order had lapsed without Watts taking any action to move the litigation forward. On July 23, 2007 and August 2, 2007, respectively, Watts filed his expert report and submitted his FED. R. CIV. P. 26 initial disclosures. Watts also filed an opposition to Two Plus Two's motion to dismiss on August 2, 2007, in which he argued that his counsel never received any correspondence from Two Plus Two, including the July 25, 2003 demand for discovery and the May 5, 2007 and June 13, 2007 letters.

The Superior Court scheduled a hearing on Two Plus Two's motion on September 18, 2007. Shortly before the hearing, Bell filed a *pro se* motion to join in Two Plus Two's motion to dismiss for failure to prosecute. At the hearing, Watts's counsel informed the Superior Court that he had also never received either of the Superior Court's February 16, 2007 Orders, and that it was a common practice for him not to receive Superior Court orders in other matters. Watts's counsel also argued that dismissal for failure to prosecute was not appropriate because he had furthered the case by deposing Bell on November 16, 2006. However, Two Plus Two's counsel claimed that Two Plus Two had never received notice of this deposition. In an October 19, 2007 Order, the Superior Court granted the Appellees' motion and dismissed Watts's action for failure to prosecute. Watts filed his notice of appeal on November 14, 2007.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a). Since the Superior Court entered its order granting Two Plus Two's motion for failure to prosecute and dismissing Watts's action on October 19, 2007, and Watts's notice of appeal was filed on November 14, 2007, the Notice of Appeal was timely filed. *See* V.I.S.CT.R. 5(a)(1) ("the notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . . .").

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial Superior Court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel,* 49 V.I. 322, 329 (V.I. 2007). However, "[t]he standard of review for this Court's examination of a Superior Court order dismissing a matter for failure to prosecute is abuse of discretion." *Halliday v. Footlocker Specialty, Inc.,* 53 V.I. 505, 510 (V.I. 2010) (citing *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)).[1]

## B. The Superior Court Abused its Discretion When it Dismissed Watts's Action

■ When reviewing an order dismissing a case for failure to prosecute, this Court "possesses an obligation to assure that the extreme sanction of dismissal . . . is reserved for the instances in which it is justly merited." *Id.* at 511 (internal quotation marks omitted). "Because dismissal for failure to prosecute constitutes an extreme sanction, the Superior Court may not order it unless it has expressly considered and weighed" the six factors this Court set forth in *Halliday,* which include "the extent of the plaintiff's personal responsibility, the prejudice — if any — to the other parties in the litigation, whether the plaintiff has demonstrated a history of dilatoriness, whether the plaintiff or attorney's conduct was willful or in bad faith, the effectiveness of sanctions other than dismissal, and the meritoriousness of the plaintiff's claim." *Id.* at 513. Moreover, "the Superior Court may not dismiss an action for failure to prosecute unless these six factors *strongly* weigh in favor of dismissal as a sanction." *Id.* at 511 (emphasis added.)

■ As a threshold matter, this Court notes that, although the Superior Court's October 19, 2007 Order acknowledges that Bell joined in Two Plus Two's motion to dismiss on September 18, 2007 and grants "Defendants' Motion to Dismiss for Failure to Prosecute," (J.A. at 4, 10), the Superior Court only analyzed the six *Halliday* factors in the context

---

[1] In *Halliday,* this Court held that the same six factors adopted by the Third Circuit in *Poulis* also apply to dismissals for failure to prosecute in Virgin Islands local courts. Accordingly, although this Court decided *Halliday* on April 12, 2010 and the Superior Court referred to the six *Poulis* factors in its October 19, 2007 dismissal order, we identify these factors as the *Halliday* factors in this opinion.

of Two Plus Two, and failed to perform any analysis with respect to whether those factors warranted dismissal of Watts's action against Bell. Notably, the procedural history surrounding each of the Appellees in this litigation was different. For instance, unlike Two Plus Two, the record contains no indication that Bell ever filed a demand for documents, requested Watts's initial disclosures, or otherwise attempted to communicate with Watts's counsel and failed to receive a response. Accordingly, since the record contains no evidence indicating that the Superior Court even considered any of these six factors — let alone weighed them — with respect to Bell, this Court reverses the October 19, 2007 Order as it pertains to dismissal of Watts's action against Bell. *See id* (explaining that failure to consider and weigh all six factors requires reversal) (citing *Livera v. First Nat'l State Bank,* 879 F.2d 1186, 1194 (3d Cir. 1989)).

The Superior Court did, however, consider and weigh the *Halliday* factors with respect to Two Plus Two. Nevertheless, this Court cannot conclude that the *Halliday* factors, when properly balanced, strongly weigh in favor of dismissing Watts's action for failure to prosecute with respect to Two Plus Two. In its October 19, 2007 Order, the Superior Court expressly held — and the parties do not dispute on appeal — that there is "little direct evidence" that Watts, as opposed to his counsel, is "personally responsible for failing to prosecute this matter," (J.A. at 5), and that the allegations in Watt's pleadings, "if established at trial, would support recovery by [Watts]." (J.A. at 9.) Given that these two factors do not favor dismissal at all, the remaining four *Halliday* factors would have to very heavily favor dismissal for the Superior Court to properly exercise its discretion to dismiss Watt's action. We hold that, although two of the *Halliday* factors support dismissal, they do not favor dismissal to such an extent that the Superior Court, when balancing all six factors, could have permissibly imposed that sanction in lieu of a lesser sanction.

■ With respect to the second factor — prejudice to Two Plus Two — the Superior Court correctly recognized that prejudice "does not mean 'irremediable harm,' but the 'burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial.' " (J.A. at 5 (quoting *Majestic Const., Inc. v. JCB Int'l, Inc.,* 48 V.I. 437, 443 (D.V.I. App. Div. 2006).)) Although Watts contends on appeal that his inaction should be excused because Two Plus Two also did not file its FED. R. CIV. P. 26 initial disclosures, a plaintiff's

failure to file Rule 26 disclosures inherently impedes a defendant's ability "to prepare effectively a full and complete trial strategy." *Carter v. Ryobi Techtronics,* 250 F.R.D. 223, 229 (E.D. Pa. 2008) (quoting *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003)). Moreover, unlike a plaintiff, a defendant possesses no affirmative duty to take any steps to bring a case to trial prior to filing a motion to dismiss for failure to prosecute. *See Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.,* 644 F.2d 1310, 1317 (9th Cir. 1981) ("Although delay caused by a defendant may be considered by the court, the primary responsibility for furthering a case is upon the plaintiff and his attorney.") (citing *Bendix Aviation Corp. v. Glass,* 32 F.R.D. 375, 377 (E.D. Pa. 1962), *aff'd* 314 F.2d 944 (3d Cir. 1963), *cert. denied,* 375 U.S. 817, 84 S. Ct. 51, 11 L. Ed. 2d 52 (1963)); *Finley v. Parvin/Dohrmann Co., Inc.,* 520 F.2d 386, 392 (2d Cir. 1975) ("[T]he failure of a defendant to call the court's attention to a plaintiff's undue delay in bringing a case on for trial, by formal motion or otherwise, may be considered as a factor in informing the court's discretion. Of course, such action by a defendant is not a necessary condition to subsequent dismissal."); *Ternes v. Knispel,* 374 N.W.2d 879, 881 (N.D. 1985) ("Ternes argues the trial court erred in dismissing his action because Knispel has not completed discovery and therefore could not object to any delay in the prosecution. However, the duty to prosecute rests with the plaintiff, not the defendant. . . . There was no reason for Knispel to incur the expense and inconvenience of conducting discovery if Ternes' inaction gave him the hope or expectation that the case would never be tried."). Accordingly, the Superior Court did not err when it held that the lack of any meaningful discovery in the four years since the complaint had been filed prejudiced Two Plus Two.

However, while the fact that Two Plus Two was prejudiced results in the second *Halliday* factor favoring dismissal, the Superior Court was also required to determine the extent of that prejudice in order to determine how heavily to weigh that factor as part of its balancing test. Although the Superior Court noted that almost five years had elapsed since the December 29, 2002 altercation between Watts and Bell and that such delay could cause memories to fade and perceptions of events to be altered, (J.A. at 6), Two Plus Two never alleged in its July 16, 2007 motion or at the September 18, 2007 hearing that any witnesses had actually become unavailable or had forgotten about the incident. Moreover, notwithstanding the fact that a defendant does not possess an

affirmative duty to ensure that a plaintiff prosecutes his case, the Superior Court should have considered — in the context of determining the *extent* of the prejudice — that Two Plus Two did not request Watts's initial FED. R. CIV. P. 26 disclosures until May 5, 2007, did not follow-up on its July 25, 2003 demand for documents until May 5, 2007, and did not attend Bell's November 16, 2006 deposition even though it had received notice. Under these circumstances, as well as the absence of any evidence in the record indicating that Two Plus Two was actually prejudiced, the Superior Court lacked a factual basis to find that the prejudice to Two Plus Two had been "substantial." Therefore, while the second *Halliday* factor does support dismissal because of the inherent prejudice Two Plus Two suffered as a result of the delay, it does so only slightly.

Likewise, we find that while the Superior Court correctly held that the third *Halliday* factor — Watt's history of dilatoriness — favors dismissal,[2] it failed to properly weigh the importance of that factor in light of the facts of the case. Although the record clearly indicates that Watts's counsel failed to respond to the July 25, 2003 demand for documents or comply with the May 7, 2007 scheduling and mediation orders, it also established that Watts immediately complied with the Superior Court's October 26, 2006 Order by scheduling Bell's deposition, a fact which is not referenced in the Superior Court's October 19, 2007 Order. Thus, although Watts's counsel "engaged in a pattern of dilatory conduct" that favors dismissal, the Superior Court placed greater weight on this factor than it should have, given Watts's prior compliance with its orders.

Finally, we agree with Watts that the Superior Court erred when it found that Watts's counsel's "conduct throughout this litigation compels

---

[2] Although Watts argues that the trial court erred because it "failed to acknowledge Appellant's counsel (sic) assertion that he had never received the Court's scheduling order; even after counsel pointed out to the Court that orders had not been received in several other pending matters, including orders from other chambers of the Court," (Appellant's Br. at 7-8), the record clearly indicates that the Superior Court's orders were all sent to Watts's counsel. (J.A. at 72; Supp. App. at 9.) Additionally, even if Watts's counsel had not received a copy of the scheduling order, this order is expressly referenced in Two Plus Two's May 5, 2007 letter, which had been sent to Watts's counsel through both mail and fax. (J.A. at 79.) Furthermore, while Watts's counsel was aware that little or no action had taken place with respect to this matter for several years, the record does not reflect that he made any attempt to check the docket or follow-up with the trial court as to the case's status. *See Hobbs v. Wal-Mart Stores, Inc.*, No. CV-06-1031-PHX-PGR, 2007 U.S. Dist. LEXIS 95349, *9 (D. Ariz. 2007) (observing that there is "no excuse" for an attorney or his staff not to check the docket to see if a scheduling order has been issued in a pending case).

a finding of willful and bad faith conduct" and that "lesser sanctions would engender further delay, and would be in effect no less harsh than dismissal." (J.A. at 8.) With respect to the bad faith factor, the October 19, 2007 Order fails to cite to any particular evidence in the record that that would support a finding that Watts's counsel acted in bad faith. Moreover, while the Superior Court found that Watts's counsel "in effect willfully abandoned his case by failing to pursue litigation over a period of four years," (J.A. at 8), this finding is clearly erroneous given that the record clearly indicates that Watts's counsel had deposed Bell on November 16, 2006. Similarly, while the Superior Court states that it "is cognizant that dismissal must be a sanction of last, not first, resort," (J.A. at 8), the October 19, 2007 Order simply states that "imposition of lesser sanctions would be ineffective" without even identifying any lesser sanctions that were considered, let alone explaining why those lesser sanctions could not have been imposed. (J.A. at 9). Accordingly, neither of these factors weigh in favor of dismissing Watts's action for failure to prosecute.

■ Here, only two of the six *Halliday* factors favor dismissal at all, and — given Two Plus Two's failure to identify any prejudice other than inherent prejudice, as well as Watts's counsel's compliance with the October 26, 2006 Order — those factors only slightly support dismissal. Therefore, because the Superior Court could not have properly concluded that "these six factors strongly weigh in favor of dismissal as a sanction," *Halliday*, 2010 V.I. Supreme LEXIS 13, at *10, we hold that the Superior Court abused its discretion when it dismissed Watts's action against Two Plus Two for failure to prosecute.

### III. CONCLUSION

As this Court previously indicated in *Halliday*, dismissal for failure to prosecute constitutes an extreme sanction that the Superior Court may not impose lightly. Accordingly, the Superior Court erred when it dismissed Watts's action against Bell for failure to prosecute without separately considering and balancing any of the *Halliday* factors as they pertained to Bell. Moreover, since the Superior Court, based on the record before it, improperly weighed the *Halliday* factors in this case, it abused its discretion when it dismissed Watts's action for failure to prosecute against Two Plus Two. Consequently, this Court reverses the Superior Court's October 19, 2007 Order and remands the matter to the Superior Court for further proceedings consistent with this Opinion.

SWAN, *Associate Justice, concurring.*

Novelle Watts, Jr. ("Appellant") appeals the Superior Court's October 17, 2007 Order dismissing this case for failure to prosecute, pursuant to Rule 41 of the Federal Rules of Civil Procedure and Rule 7 of the Rules of the Superior Court. On appeal, Appellant importunes this Court to determine whether the trial court abused its discretion when it dismissed the case. For the reasons elucidated below, I would reverse the trial court's Order of dismissal and remand the case to the Superior Court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

On May 28, 2003, Appellant filed a complaint against Two Plus Two, Inc. ("Two Plus Two") and Wayne Bell ("Bell") (or "Appellees" collectively)' seeking compensatory, punitive, and other damages for personal injuries sustained in an altercation that occurred on December 29, 2002 outside Two Plus Two's business establishment. Appellant asserts that Bell, who was employed by Two Plus Two to perform security duties at the business establishment, initiated an unprovoked altercation with Appellant, during which Appellant sustained personal injuries.

On June 6, 2003, Two Plus Two filed its answer to Appellant's complaint. On July 23, 2003, Two Plus Two allegedly served upon Appellant a copy of its filing titled Defendant Two Plus Two, Inc.'s Demand for Production of Documents to Plaintiff ("Demand for Production of Documents"). However, Appellant failed to respond to Two Plus Two's Demand for Production of Documents. On October 14, 2003, Appellant filed a Motion for Entry of Default Judgment against Bell, which the trial court concluded was improperly before the court, pursuant to Rule 47 of the Rules of the Superior Court.[1]

On October 24, 2006, the trial court concluded that the case had remained dormant for three years. Therefore, the trial court opined that the case was subject to dismissal for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, the trial court

---

[1] The trial court's Order concluded that Appellant failed to comply with Rule 47 of the Rules of the Superior Court. (*See, e.g.* October 24, 2006 Order; Supplemental App. at 10.) ("The last action taken on this matter was a Motion for Entry of Default which was improperly before the [c]ourt pursuant to Superior Court Rule 47); (October 17, 2007 Order of the Superior Court; J.A. at 3.).

entered an October 24, 2006 Order, which required the parties to take the appropriate steps to move the case forward within thirty days, failing which the case would be dismissed. On October 31, 2006, Appellant filed a Notice of Deposition.[2]

On February 15, 2007, the Superior Court entered two orders: (1) a Mediation Referral Order; and (2) an Order scheduling discovery, which enumerates the following discovery deadlines:

    i.    Factual discovery, including written discovery and fact witness depositions — May 25, 2007;

    ii.    Submission of Plaintiff's expert disclosures — June 22, 2007

    iii.    Defendant's expert disclosures — July 27, 2007

    iv.    Deadline for mediation and expert depositions — August 24, 2007

    v.    Deadline for dispositive motions — September 7, 2007

    vi.    Calendar call — September 10, 2007

    vii.    Jury selection and trial — September 24, 2007 — October 19, 2007

Additionally, the scheduling order expressly stated that "[the] matter is . . . subject to dismissal for lack of prosecution pursuant to FED. R. CIV. P. 41(b)." (October 24, 2006 Order; S.A. at 10.)

Two Plus Two's counsel faxed a copy of a May 5, 2007 letter to Appellant's counsel and mailed the same letter to him in which Two Plus Two: (1) reminded Appellant's counsel of the outstanding responses to Two Plus Two's July 23, 2003 demand for production, served by Two Plus Two's former counsel, Attorney Jeffrey Moorhead ("Moorehead"); (2) proposed dates of May 18, 2007 or May 21-25, 2007 for deposing Appellant and Appellant's witnesses, if any; and (3) suggested three alternate mediators, pursuant to the trial court's February 15, 2007 Order ("Scheduling Order" or "February 15, 2007 Scheduling Order"). However, Appellant failed to respond to Two Plus Two's letter.

---

[2] The trial court noted that Appellant filed a Notice of Deposition on October 31, 2006 (October 17, 2007 Order; J.A. at 3.) However, the entire document is not in the Joint Appendix, even though Appellant included the first page of the Notice of Deposition as proof that Appellee was served personally when Appellant hand delivered the Notice of Deposition on November 6, 2006, and that the Notice of Deposition was signed by a recipient at Attorney Moorhead's office. (*Id.* at 100).

Accordingly, on June 13, 2007, Two Plus Two's counsel faxed a copy of a second letter and mailed the second letter to Appellant's counsel, reminding Appellant's counsel of his failure to respond to Two Plus Two's previous letter, and enclosing a copy of the May 5, 2007 letter for reference.

After Appellant failed to respond to Two Plus Two's letters by July 16, 2007, Two Plus Two filed a Motion to Dismiss for Failure to Prosecute, alleging that Appellant failed to comply with the provisions of the trial court's February 15, 2007 Scheduling Order. On July 23, 2007, Appellant filed a Notice of Production of Plaintiff's Expert Report. On August 2, 2007, Appellant filed his Initial Disclosures, pursuant to Rule 26 of the Federal Rules of Civil Procedure, and filed an Opposition to Two Plus Two's Motion to Dismiss for Failure to Prosecute.

A September 18, 2007 hearing was held on Appellee's Motion to Dismiss for Failure to Prosecute. On the day of the hearing, Bell appeared *pro se* and promptly filed his Notice of Joinder to join in Two Plus Two's Motion to Dismiss for Failure to Prosecute. In an October 17, 2007 Order, the trial court granted Appellees' Motion to Dismiss this case, purportedly because of Appellant's failure to prosecute. This appeal ensued.

## II. JURISDICTION

"The Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court . . ." V.I. CODE ANN. tit. 4, § 32(a). On November 14, 2007, Appellant timely filed an appeal of the trial court's October 17, 2007 Order.

## III. STANDARD OF REVIEW

The Superior Court's order dismissing Appellant's case based on a failure to prosecute is reviewed for an abuse of discretion. *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008) ("We review a [trial court's] decision to dismiss a plaintiff's case pursuant to Federal Rules of Civil Procedure 41(b) for an abuse of discretion.") (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

## IV. ISSUE

Whether the Superior Court abused its discretion when it granted Appellees' Motion to Dismiss for Failure to Prosecute.

## V. DISCUSSION

The Federal Rules of Civil Procedure[3] are explicit in providing the basis for Appellees' Motion to Dismiss this case. Specifically, Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." However, I am mindful that dismissal for failure to prosecute is a sanction of last resort. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1143 (10th Cir. 2007); *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir. 2006) (there must be a clear record of delay or contumacious conduct by the plaintiff to warrant dismissal of the case for failure to presecute).

The United States Court of Appeals for the Third Circuit ("Third Circuit") instructs that before a trial court dismisses a case for failure to prosecute, the trial court must consider several cogent factors and must make a factual evaluation of each factor. Specifically, the Third Circuit applies the *Poulis* factors[4] to determine whether a lower court abused its discretion in dismissing a case for failure to prosecute or to comply with a court order, pursuant to Rule 41(b). *Briscoe,* 538 F.3d at 258 (citing *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)); *Adams v. Trustees of the N.J. Brewery Employees Pension Trust Fund,* 29 F.3d 863, 873 (3d Cir. 1994) (citation omitted).

In deciding whether it should dismiss an action for failure to prosecute, a court must conduct an analysis and balance six factors; namely (1) the extent of a party's personal responsibility; (2) the prejudice suffered by an adversary party due to the offending party's failure to comply with scheduling orders and responses to discovery; (3) the offending party's history of dilatoriness; (4) whether the offending party's or attorney's conduct was willful or a result of bad faith; (5) the meritoriousness of the claim or defense; and (6) the effectiveness of sanctions that serve as an alternative to dismissing the case. *Poulis,* 747 F.2d at 868.

---

[3] The Federal Rules of Civil Procedure are applicable to the Superior Court through Rule 7 of the Rules of the Superior Court.

[4] This Court applied the *Poulis* factors in a very recent decision, *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505 (V.I. 2010), in which we directed the Superior Court to balance the *Poulis* factors in assessing whether an action should be dismissed for failure to prosecute.

In *Poulis,* the Third Circuit enunciated that dismissing a case is an extreme, drastic sanction that should be reserved for "those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis,* 747 F.2d at 866 (internal citation and quotation omitted); *see also U.S. v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003) ("As we have often noted, the sanction of dismissal is disfavored absent the most egregious circumstances.").

In *U.S. Currency,* the Third Circuit concluded that the district court incorrectly dismissed the appellant's case because the district court only analyzed four of six factors in dismissing the appellant's claim. *U.S. Currency,* 330 F.3d at 161. In that case, the Third Circuit reasoned that the last two factors, the merit of Appellant's defenses and a lack of dilatory conduct, are significant factors that strongly caution against dismissal. *Id.* Importantly, while all six factors must be considered, each of these factors does not have to be satisfied before a trial court may dismiss a claim for failure to prosecute. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003) (citing *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988)). In the Third Circuit,[5] no single factor is determinative of whether a case should be dismissed; therefore, a balancing of all the factors and a review of the complete record determine whether a court should dismiss a case for lack of prosecution. *See, e.g, Poulis,* 747 F.2d at 868. Accordingly, I apply the six *Poulis* factors to assess whether the trial court abused its discretion when it granted Appellees' Motion to Dismiss for Failure to Prosecute.

---

[5] Other jurisdictions have applied factors that are very similar to the Third Circuit's *Poulis* factors, as well as additional factors that the Third Circuit does not take into account in determining whether a case should be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g. U.S. ex rel. Drake v. Norden,* 375 F.3d 248, 255 (2d Cir. 2004) (The United States Court of Appeals for the Second Circuit balances five factors to consider whether a case should be dismissed for failure to prosecute); *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001) (The United States Court of Appeals for the Sixth Circuit balances four factors to assess the appropriateness of a court's decision to dismiss a case for failure to prosecute); *Estate of Spear v. C.I.R.,* 41 F.3d 103, 112 (3d Cir. 1994) ("Some courts have held that willfulness or bad faith is always required before dismissal is an acceptable sanction.") (citing *Ford v. Fogarty Van Lines, Inc.,* 780 F.2d 1582, 1583 (11th Cir. 1986); *Wilson v. Volkswagen of America Inc.,* 561 F.2d 494 (4th Cir. 1977); *Telectron, Inc. v. Overhead Door Corp.,* 116 F.R.D. 107 (S.D.Fla. 1987); *United States v. Sumitomo Marine & Fire Ins., Co.,* 617 F.2d 1365, 1369 (9th Cir. 1980)).

## A. The Extent of a Party's Personal Responsibility

The first factor, the extent of a party's personal responsibility, focuses on the party's conduct when examining whether the party was responsible for the actions or inactions that led to dismissal of the case. *Adams,* 29 F.3d at 873; *Mulbah,* 261 F.3d at 589; *Norden,* 375 F.3d at 255. No evidence exists in the trial record to suggest that Appellant was personally responsible for the delays or any failure to comply with court orders or discovery requests. In citing *Poulis* as a basis for dismissing the case for failure to prosecute, Appellees do not proffer any argument suggesting that Appellant was personally responsible for any act or omission that warrants dismissal of Appellant's case. (*See* Two Plus Two, Inc.'s Motion to Dismiss for Failure to Prosecute and Incorporated Memorandum of Law; J.A. at 48); (*See also* Trial Tr., 8, 10, 15, Sept. 18, 2007.)

## B. Prejudice Suffered by an Adversary Party due to the Offending Party's Failure to Comply with Scheduling Orders and Responses to Discovery

The second factor under *Poulis* is prejudice suffered by an adversary party due to an opposing party's failure to move a case forward. *Briscoe,* 538 F.3d at 259. Some examples of prejudice include the irretrievable loss of evidence, an inevitable dimming of witnesses' memories, or excessive or irremedial burdens or costs imposed on an opposing party. *Id.* (citing *Adams,* 29 F.3d at 874). Additional examples include prejudice resulting from the deprivation of necessary information, or instances in which a party was compelled to expend additional costs associated with obtaining court orders for compliance. *Briscoe,* 538 F.3d at 259 (citing *Poulis,* 747 F.2d at 868).

### 1. Appellant failed to comply with Appellees' demand for production

Appellees assert that Appellant failed to respond to Appellees' Demand for Production of Documents. (Appellees' Br. 11.) Appellant's failure to respond to Appellees' demand for document production does not necessarily make that occurrence dispositive of the case. Appellees argue that they "[were] prejudiced by Appellant's failure to respond to their discovery requests which prevented Appellee[s] . . . from preparing [their] defense by locating witnesses, preserving testimony and developing a full

knowledge of the alleged incident *vis-á-vis* Appellant's mere allegations." (Appellees' Br. 12.)

Appellant's complaint emanated from an incident that occurred outside Two Plus Two's business establishment, and in the presence of both Bell and at least one of Two Plus Two's employees. This fact situates Appellees at the site of the altercation and strongly suggests that they have personal knowledge of the facts and circumstances surrounding the altercation. Undeniably, Appellees would have the same access as Appellant to the witnesses who were outside and inside Two Plus Two's business establishment at the time of the altercation between Appellant and Bell. With limited effort, Bell and Two Plus Two's owners, agents, and employees could have ascertained the identity of witnesses immediately after the altercation. Also, Appellees would have absolute and unrestrained access to evidence that may have been generated by the altercation outside the business establishment.

Importantly, Two Plus Two failed to assiduously and diligently pursue sanctions against Appellant in order to obtain answers to interrogatories Two Plus Two propounded to Appellant. Specifically, it was not until May 2007, three-and-a-half years after Two Plus Two served their demand for document production, that Two Plus Two mailed and faxed a copy of its first letter to Appellant's counsel, requesting Appellant to comply with its demand for document production. I am mindful that Two Plus Two dispatched a second letter to Appellant's counsel in June 2007, threatening to file a motion to dismiss Appellant's case because of his failure to prosecute. Nonetheless, on the trial record before this court and under these circumstances, I find no merit to the assertion that Two Plus Two was prejudiced by Appellant's failure to timely comply with Appellee's demand for document production. There is no evidence in the trial record that Two Plus Two incurred any costs, burdens, or losses from any efforts to obtain a court order to compel Watts to comply with its discovery request; nor are there any other compelling factors that constitute prejudice to Two Plus Two. *See Briscoe,* 538 F.3d at 259 (citing *Poulis,* 747 F.2d at 868). Moreover, other than a perfunctory claim of prejudice, Appellees have failed to punctiliously identify the exact nature of any prejudice they suffered resulting from Appellant's failure to timely answer Two Plus Two's interrogatories. Therefore, I find unconvincing and meritless, Two Plus Two's argument that it was prejudiced by Appellant, particularly when Appellees had personal access to all

information surrounding the altercation between Watts and Bell. Moreover, I eschew an automatic finding of prejudice to Appellees upon the limited record before us.

### 2. Two Plus Two failed to object to Appellant's Notice of 30(b)(6) Deposition and Subpoena Duces Tecum

Furthermore, Two Plus Two posits that Appellant effectuated a procedurally defective notice and failed to comply with Rule 30(b)(6) of the Federal Rules of Civil Procedure. Two Plus Two asserts that Appellant failed to conduct a proper deposition of Bell. (Appellees' Br. 11.) Specifically, in its reply to Appellant's Opposition to Two Plus Two's Motion to Dismiss, Two Plus Two asserts that Appellant failed to file a notice of deposition with the trial court; therefore, without the filing of the notice of deposition, Two Plus Two had no knowledge of Appellant's intent to depose Bell. (Two Plus Two's Reply To Plaintiff's Opposition To Two Plus Two's Motion to Dismiss For Failure to Prosecute and Incorporated Memorandum of Law; J.A. at 92.)

Although Appellant's document to depose Bell, the "Notice of [Rule] 30(b)(6) Deposition and Subpoena Duces Tecum," is not included in the Joint Appendix, in its October 17, 2007 Order, the trial court acknowledged that Appellant filed a Notice of Deposition with the trial court on October 31, 2006. Appellant provided this Court with a copy of the notice of deposition, which confirms that Appellant personally hand delivered a copy of the Notice of Deposition to an employee in the law office of Two Plus Two's counsel. Accordingly, it is unquestionable that Two Plus Two was informed of Appellant's Notice of 30(b)(6) Deposition and Subpoena Duces Tecum to depose Bell. Therefore, Two Plus Two's failure to attend the deposition or to object to Appellant's deposing of Bell cannot be construed as prejudice to Appellees. The Supreme Court of the United States has opined that:

> [i]t is the settled rule of this court that the failure of a party to note objections to depositions . . . when they are taken . . . will be held to be a waiver of the objections. While the law requires due diligence in both parties, it will not permit one of them to be entrapped by the acquiescence of the opposite party in an informality which he springs during the progress of the trial, when it is not possible to retake the deposition.

*Howard v. Stillwell & Bierce Mfg. Co.,* 139 U.S. 199, 205, 11 S. Ct. 500, 35 L. Ed. 147 (1891).

### 3. Both parties failed to comply with the mediation order

I am mindful that Two Plus Two failed to inform this Court on how Appellant's failure to comply with the Mediation Referral Order prejudiced Appellees. First, the Mediation Referral Order required its first mediation conference to be scheduled within forty-five (45) days after the February 15, 2007 Scheduling Order. Second, the Order states that the parties could stipulate to the designation of a certified mediator within ten (10) days, and that the parties were to notify the trial court within ten (10) days if they failed to agree upon a mediator.

Neither party made any arrangements to comply with the provisions of the Mediation Referral Order. Two Plus Two did not initiate a discussion or proposal regarding mediation and the name of a mediator until Two Plus Two's counsel mailed and faxed a copy of a letter to Appellant on May 5, 2007, approximately one month after the mediation conference was scheduled to convene. Here, Two Plus Two has neither asserted nor proven that it timely and diligently complied with the Mediation Order. Moreover, Two Plus Two has not proven it was prejudiced by Appellant's failure to cooperate with Two Plus Two in complying with the Mediation Order, which resulted in prejudice to Two Plus Two.

### 4. Both parties failed to comply with the trial court's scheduling order

Additionally, the February 15, 2007 Scheduling Order imposed several deadlines for both Appellant and Appellees. Although Appellant had already conducted a deposition of Bell, both parties were required to complete all factual discovery and fact witness depositions by May 25, 2007. No party complied with this deadline. Appellant was required to submit his expert disclosures by June 22, 2007. Appellant failed to comply with that instruction until July 23, 2007, undoubtedly after the deadline, and well after Two Plus Two had submitted its Motion to Dismiss for Failure to Prosecute. Nonetheless, Appellees failed to explain how Appellant's one-month tardiness in filing his expert disclosures prejudiced them, considering that Appellees did not complete their own factual discovery and depositions by the trial court's deadline. Therefore, I conclude that in the absence of specific evidence to the contrary, on the record before us, Appellant's failure to comply with the discovery deadline had no discernable adverse impact upon Appellees. The deadline

for Appellant's expert disclosures is independent of Appellees' July 27, 2007 deadline to disclose experts, unless Appellant's disclosure of his expert was contingent upon Appellees' disclosure of their experts. *See* FED. R. CIV. P. 26(a)(2)(A) ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."); *see also Wilburn v. Maritrans GP, Inc.*, 139 F.3d 350, 355 (3d Cir. 1998) ("Pursuant to Rule 26(a), a party must disclose certain evidence to the other parties in the action without awaiting a discovery request."). It is noteworthy that Rule 26(a)(1) does not specify plaintiff or defendant; it refers to "a party."

Both parties failed to comply with the requirements that mediation and expert witnesses' depositions be completed by August 24, 2007. Although by August 24, 2007, Appellees had already filed a Motion to Dismiss, and a hearing on the Motion to Dismiss was not held until September 2007, both parties were still bound by the trial court's February 15, 2007 Order. However, both parties failed to take reasonable steps to comply with the trial court's February 15, 2007 Mediation and Referral Order. Once again, on the record before us, Two Plus Two fails to demonstrate how any conduct by Appellant resulted in prejudice to the presentation of its case or trial preparation, especially when all the deadlines on the Scheduling Order had not yet occurred when Two Plus Two filed its Motion to Dismiss for Failure to Prosecute.

Additionally, other than the issue of damages, this case does not implicate any factual discovery requiring the skills of highly specialized experts. The incident underlying this litigation is neither complex, nor does it involve technical or scientific facts. Similarly, Appellant's injuries were not caused by medical negligence or negligent medical treatment, nor do they involve product liability. Rather, this litigation arose out of a physical altercation that occurred on the premises of Two Plus Two's business establishment in the presence of at least one, if not more of its employees. Based on the facts of this case, it is highly probable that Two Plus Two had the capacity and the ability to obtain much of the same discovery information about the incident from its employees and agents that it would have obtained in discovery from Appellant.

### 5. Appellant failed to timely provide initial disclosures, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure

One aspect of possible prejudice to Appellees in this case is Appellant's failure to timely provide initial disclosures to Appellees, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." FED. R. CIV. P. 26(a)(1)(C). Further, Rule 26(f) provides additional clarification on when Appellant was required to make his initial disclosures and states that "the parties must confer as soon as practicable — and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)."

According to the February 15, 2007 Scheduling Order, Appellant was obligated to complete his fact witness depositions by May 25, 2007. Although Appellant commenced this action on May 28, 2003, Appellant's counsel did not file his initial disclosures, pursuant to Rule 26 of the Federal Rules of Civil Procedure, until three-and-a-half years later on August 2, 2007, and one week after Appellees filed their Motion to Dismiss for Failure to Prosecute.

"[T]he goal of the initial disclosure requirement is to 'accelerate the exchange of basic information about the case and to eliminate paper work involved in requesting such information.' " *U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC,* 223 F.R.D. 330, 333 (E.D.Pa. 2004) (citing FED. R. CIV. P. 26 advisory committee's note; *Fitz, Inc. v. Ralph Wilson Plastics Co.,* 174 F.R.D. 587, 589 (D.N.J. 1997)). Therefore, when Appellant delayed his initial disclosures to Appellees, he may have delayed Appellees' access to the information Appellees may have needed to proceed with their defense and defend their case. Moreover, at a September 18, 2007 Hearing, Appellant's counsel was unable to proffer any plausible reason why he filed the initial disclosures extremely late in the proceedings. (J.A. at 31.)

Appellant argues that Appellees failed to file their disclosures under Rule 26. (Appellant's Br. 4.) Appellant's argument originates from Rule 26(a)(1)(E), which states that "[a] party must make its initial disclosures based on the information then reasonably available to it." This Rule further states that "[a] party is not excused from making its disclosures because . . . another party has not made its disclosures." *Id.* Appellees

305

failed to comply with the rule on filing their initial disclosures, and it is irrelevant to their failure that Appellant was likewise dilatory in filing his initial disclosures.

Nonetheless, in this case, the fact that Two Plus Two would be compelled to file its expert disclosures without the benefit of Appellant's expert disclosures (or his Rule 26 initial disclosures) could constitute some prejudice to Two Plus Two. *See Poulis,* 747 F.2d at 868 (3d Cir. 1984) (holding that a defendant is prejudiced when it is required to first file a pre-trial statement without an opportunity to review a plaintiff's pre-trial statement that must be filed before a defendant's pre-trial statement).

## C. History of Dilatoriness

A history of dilatoriness is characterized by conduct involving a consistent delay by the plaintiff's counsel. *Poulis,* 747 F.2d at 868. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-responses to interrogatories, or consistent tardiness in complying with court orders." *Briscoe,* 538 F.3d at 260. Therefore, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Id.* at 261 (citing *Scarborough v. Eubanks,* 747 F.2d 871, 875 (3d Cir. 1984)).

Appellee's Motion to Dismiss for Failure to Prosecute, because of Appellant's failure to comply with court ordered deadlines, was premature. Most of the deadline dates in the trial court's February 15, 2007 Scheduling Order had not arrived as of July 16, 2007, the date Appellees filed their Motion to Dismiss for Failure to Prosecute. Importantly, factual discovery was due on May 25, 2007, and both Appellant and Appellees failed to comply with this aspect of the February 15, 2007 Scheduling Order. Appellant's expert disclosures were due on June 27, 2007, but Appellant filed his disclosures one month later. Significantly, when Appellees filed their Motion to Dismiss for Failure to Prosecute on July 16, 2007, there were five outstanding deadline dates in the trial court's Scheduling Order which had not expired. The outstanding deadline dates included a deadline for Appellees' expert disclosures due on July 27, 2007, a deadline for expert depositions on August 24, 2007 and a deadline for dispositive motions on September 7, 2007. This case is unlike *Ordnance Guage Co. v. Jacquard Knitting Machine Co., Inc.,* 265 F.2d 189, 195 (3d Cir. 1959), wherein the Third Circuit concluded, with

certainty, that the trial court was correct in finding there was a failure to prosecute a case which had lay dormant for over five years.

Admittedly, Appellant was dilatory in moving this case towards a final resolution, since filing his Complaint on May 28, 2003. However, when the trial court entered its February 15, 2007 Scheduling Order, which included deadline dates for discovery, a deadline for mediation, a calendar call date, and a trial date, the Scheduling Order appears to have nullified the parties' prior dilatoriness and re-commenced all discovery dates. Moreover, the trial court's Scheduling Order is calculated to comply with the trial court's earlier admonition to move the case towards a final resolution. Essentially, the February 15, 2007 Scheduling Order superseded all prior concerns about dilatoriness and orders concerning discovery on a case filed more than three-and-a-half years earlier on May 28, 2003. Accordingly, I conclude that the trial court abused its discretion when it dismissed this case on October 17, 2007, granting Appellees' Motion to Dismiss for Failure to Prosecute.

At the September 18, 2007 hearing, Appellant's counsel asserted that he never received the trial court's Scheduling Order. (J.A. at 28.) Appellant's counsel asserted that even though the trial court and Appellees had his correct address, there previously had been a problem whereby Appellant's counsel did not receive orders from the trial court. *(Id.)* However, Appellant's counsel fails to provide any proof supporting his contention. Conveniently, Appellant's counsel asserted that he received a copy of Appellees' Motion to Dismiss for Failure to Prosecute from the trial court, but did not receive a copy of the Scheduling Order from the same court.

When Appellees filed their Motion to Dismiss for Failure to Prosecute, Appellees referenced in their memorandum of law the trial court's Scheduling Order and the dates of the discovery deadlines. *(Id.* at 48.) Therefore, Appellant's counsel received constructive notice of the trial court's Scheduling Order when he received Appellees' Motion to Dismiss for Failure to Prosecute and its supporting Memorandum of Law. Appellant's counsel could have motioned the trial court for an extension of time to respond to the Motion to Dismiss for Failure to Prosecute. At the September 18, 2007 hearing, Appellant's counsel also received notice of the same Scheduling Order, but again failed to file for an extension of time to respond to Appellees' Motion to Dismiss for Failure to Prosecute, even though the trial court did not dismiss the case until October 2007.

Nevertheless, I have considered the trial court's October 24, 2006 Order, requiring the parties to take appropriate steps to move the case forward within thirty days. Importantly, the October 24, 2006 Order stated that "[t]his matter has remained dormant for over three (3) years. This matter is thus subject to dismissal for lack of prosecution pursuant to FED. R. CIV. P. 41 (b)." Appellant filed his Notice of Deposition six days later. Additionally, Appellant's counsel provided Appellee with a Rule 26 disclosure very late into the proceeding. Despite these efforts, an evaluation of the complete trial record demonstrates Appellant's counsel's disconcerting history of dilatoriness.

## D. Evidence of Willfulness or Bad Faith

"In the jurisprudence of dismissal, willfulness or bad faith is . . . required in order for dismissal to be within the proper scope of the court's discretion [in most cases]." *Estate of Spear v. C.I.R.,* 41 F.3d 103, 112 (3d Cir. 1994). *Poulis* describes willfulness as conduct that is deliberate and contumacious, *Poulis,* 747 F.2d at 868-69, whereas *Briscoe* further simplifies the definition of willfulness and states that it "involves intentional or self-serving behavior." *Briscoe,* 538 F.3d at 262.

I find no clear or direct evidence that Appellant's counsel acted in bad faith, and that Appellant's counsel willfully disregarded the Scheduling Order or deliberately disregarded Appellees' requests. Evidence in the trial record reflects that on at least one occasion in June 2007, approximately one month before Appellees filed their Motion to Dismiss for Failure to Prosecute, Appellees faxed a copy of a letter to Appellant and mailed the same letter to Appellant requesting that he follow up with the Scheduling Orders. Nonetheless, Appellant's counsel vehemently maintains that he never received Appellees' letters. First, evidence on the record fails to reveal adequate proof that Appellees served Appellant with their demand for document production. Second, Appellant's counsel vociferously and stridently maintained at the trial court's hearing that he never received the trial court's Scheduling Order, while asserting that he had encountered similar problems with receiving correspondences from the trial court. In response to Appellant's counsel's contention, the trial court summarily rejected this argument. Therefore, no investigation into the validity of Appellant's counsel's assertion that he did not receive certain court documents was ever conducted by the trial court.

## E. Meritoriousness of the Claim or Defense

A claim or defense is "meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Briscoe,* 538 F.3d at 263 (citing *Poulis,* 747 F.2d at 869-70) (internal quotation marks omitted). A review of the allegations in the complaint supports a conclusion that Appellant advances a meritorious claim.

Appellant filed a five-page, six-count May 27, 2003 Complaint, which states the place, date and time of the incident that resulted in his injuries. Appellant further describes how, without any provocation by him and "for no explainable reason" he was assaulted by Watts, who was acting within the scope of his employment with Two Plus Two. Appellant explicitly invokes the theory of respondeat superior in his complaint. Appellant expounds how he has "suffered great pain of body and mind" as a direct and proximate result of Bell's unprovoked assault upon him. Lastly, Appellant sets forth the duty Appellees owed to him and explains how that duty was breached because of the negligence of Appellees. Considering the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure as enunciated in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), I conclude that after considering all the allegations in Appellant's complaint, he has stated a meritorious claim.

## F. Effectiveness of Sanctions as an Alternative Means of Dismissing the Case

I emphasize and reiterate that "the dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 736 (6th Cir. 2008) (internal quotation marks and citation omitted); *Ecclesiastes 9:10-11-12,* 497 F.3d at 1143 (dismissal for failure to prosecute is a sanction of last resort); *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001). The availability of alternative sanctions to dismissal is a pertinent, common factor that many jurisdictions have considered in determining whether a case should be dismissed. *Poulis,* 747 F.2d at 869; *Mulbah,* 261 F.3d at 589; *Norden,* 375 F.3d at 255. *Poulis* particularly

addresses available, alternative sanctions to dismissing a case and expresses the following:

> Under the Federal Rules of Civil Procedure and the 1983 amendments, the [trial] court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders. . . . The most direct and therefore preferable sanction for the pattern of attorney delay such as that which the . . . court encountered in this case would be to impose the excess costs caused by such conduct directly upon the attorney, with an order that such costs are not to be passed on to the client, directly or indirectly. This would avoid compelling an innocent party to bear the brunt of its counsel's dereliction.

*Poulis,* 747 F.2d at 869 (citing FED. R. CIV. P. 16(f), 37(a)(4), 37(b), 37(d), 37(g)). Therefore, as a general rule, dismissing a case for failure to prosecute is a sanction a court should impose as a last resort. *Id.*

However, in *Briscoe,* the court concluded that there were no alternative sanctions available to the plaintiff; therefore, it dismissed the case for failure to prosecute. *Briscoe,* 538 F.3d at 262. Distinguishable from *Poulis, Briscoe* reasoned that because the appellant was proceeding *pro se* and *in forma pauperis,* monetary sanctions and attorney fees were an ineffective means of imposing a sanction, and therefore there were no alternative means of imposing any sanctions other than dismissing the case for failure to prosecute. *Id.* at 263 (citing *Emerson,* 296 F.3d at 191) ("The District Court found no effective alternative sanctions to dismissal. It stated that an assessment of attorney's fees was not a serious consideration given Emerson's financial situation. Emerson proceeded *in forma pauperis* in the District Court. We agree that monetary sanctions would not be an effective alternative.").

In this case, however, Appellant is not proceeding *pro se* or *in forma pauperis.* Instead, Appellant is represented by counsel. This case is a classical example in which the court should have imposed severe sanctions upon Appellant's counsel, and not Appellant. It is unjust to punish a party who personally has done nothing wrong. The foregoing supports another reason why the first factor involving the party's personal accountability could not be weighed as a factor for dismissing this case.

Appellant's counsel maintains that the delays were a result of his failure to receive correspondences from both the court and Appellees.

310

Even if this assertion is confirmed or proven, there is clear evidence on the record substantiating a conclusion that Appellant's counsel was grossly derelict in handling Appellant's lawsuit after the trial court entered its Scheduling Order. Fortunately, the trial court's February 15, 2007 Scheduling Order afforded Appellant's counsel a second opportunity to expeditiously move the case towards a final resolution and afforded counsel some deliverance from a claim of failure to prosecute the case. I must underscore the pivotal fact that at the time of dismissal of the case, there were unexpired dates remaining in the trial court's Scheduling Order, the purpose of which was to expeditiously move the case towards a final resolution, either by mediation or trial.

### G. Balancing the Six *Poulis* Factors

In its analysis and application of the *Poulis* factors, the Third Circuit has repeatedly opined that "evidence of prejudice to an adversary would bear substantial weight in support of a dismissal for default judgment." *Briscoe,* 538 F.3d at 259 (citing *Adams,* 29 F.3d at 873-74 (internal quotations omitted)). In this case, Two Plus Two was prejudiced and Appellant exuded consistent patterns of dilatoriness. However, as I stated earlier, dismissing the case for want of prosecution is a sanction of last resort, which should not be exercised under the circumstances of this case, after considering the factors which weigh against dismissal, to wit: the extent of the personal responsibility of Appellant, lack of evidence of willfulness or bad faith, and the meritoriousness of Appellant's claim. Importantly, after considering the last *Poulis* factor, the effectiveness of alternative sanctions to dismissing the case, a monetary or alternate form of sanction imposed upon Appellant's counsel would have been an effective alternative sanction to dismissing Appellant's lawsuit, which he could not refile because of the statute of limitations.

## VI. CONCLUSION

Balancing all the *Poulis* factors, Appellant's dilatoriness in prosecuting this case and failing to timely provide discovery to Appellees constituted some prejudice to Two Plus Two, thereby satisfying two requisite *Poulis* factors. However, these shortcomings are clearly attributable to Appellant's counsel's personal conduct in this case and do not implicate Appellant or his conduct. Furthermore, I cannot adduce any evidence of bad faith or willful conduct by Appellant's counsel. Importantly, the

availability of the imposition of monetary sanctions against Appellant's counsel constitutes an appropriate alternative sanction to dismissing the case. Therefore, a careful application of the *Poulis* factors disfavors the drastic sanction of dismissing this case for failure to prosecute.

For these enumerated reasons, I conclude that the Superior Court abused its discretion. Therefore, I would reverse the trial court's October 17, 2007 Order dismissing this case and remand the case to the trial court for further proceedings consistent with this opinion, including reinstating Appellant's case and for consideration of sanctions against Appellant's counsel.