

**FILED**
November 29, 2022 09:39 AM
ST-2018-CV-00751
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AMJAD MUHYEDDIN, ) | **Case No. ST-2018-CV-00751** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ACTION FOR BREACH OF |
| ) | PARTNERSHIP, ACCOUNTING, |
| **JARRAH ELGADI and** ) | DECLARATORY RELIEF, |
| **ELGADI ENTERPRISE, LLC,** ) | ACTION FOR PRELIMINARY |
| ) | AND PERMANENT INJUNCITON |
| ) | |
| Defendants. ) | |
| _____ ) | |

Cite as 2022 VI Super 96U

## MEMORANDUM OPINION

¶1    **THIS MATTER** is before the Court on a Motion to Dismiss for Failure to Cooperate in Discovery, filed by Defendants Jarrah Elgadi ("Elgadi") and Elgadi Enterprises, LLC (together, "Defendants") on July 30, 2021.[1,2]   For the reasons herein, the Court will deny Defendants' motion, but will award attorney's fees to Defendants for filing the instant motion and order Plaintiff

---

[1] Defendants attached ten (10) Exhibits to their motion, as follows:: Exhibit A, email exchange between parties' counsel in November 2019 and January 2020 regarding Rule 26 Disclosures; Exhibit B, Defendants' notice of service of Rule 26 Disclosures, dated November 22, 2019; Exhibit C, Plaintiff's Voluntary Disclosures dated December 4, 2019, and the three attachments thereto (warranty deed, affidavit of Hassan Rahman, and affidavit of Mustem Mustafa); Exhibit D, Defendants' request for production, dated May 4, 2021; Exhibit E, Defendants' first set of interrogatories, dated May 4, 2021; Exhibit F, letter from Defendants' counsel to Plaintiff's counsel, titled "Notice of Failure to Respond to Written Discovery and Demand to Meet and Confer Pursuant to V.I. R. Civ. P. 37 and 37-1," dated June 30, 2021; Exhibit G, email dated July 7, 2021 from Defendants' counsel to Plaintiff's counsel, notifying Plaintiff's counsel of the overdue discovery responses and requesting explanation for their delay, as well as indicating a desire to schedule a deposition; Exhibit H, Email exchange dated July 8, 2021 between parties' counsel, in which Plaintiff's counsel requests Defendants' counsel provide the request for production and interrogatories again; Exhibit I, email exchange between parties' counsel, dated July 26, stating Plaintiff's intention to get the discovery responses to Defendants' counsel and attempting to plan a deposition of Muhyeddin; Exhibit J, email from Defendants' counsel on July 28, 2021, outlining the timeline of events and reiterating the overdue nature of the discovery responses, and stating counsel would file a motion to compel the following day if she had not received the responses.

[2] Plaintiff filed his untimely Opposition on August 31, 2021, and attached thereto was one exhibit. After the court accepted that late filing, Defendants filed their reply on March 3, 2022.

to respond to the outstanding discovery requests within fifteen (15) days, failing which the Court

will bar introduction of such evidence at trial.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      In 2018, Plaintiff Amjad Muhyeddin ("Muhyeddin" or "Plaintiff") filed his complaint

against Defendants, alleging that on or about August 2, 2008, Muhyeddin and Elgadi orally agreed

to enter into a partnership for profit and agreed to jointly purchase real property known as No. 46B

& 46Bd Estate Thomas No. 6A New Quarter, St. Thomas, Virgin Islands ("the Property"), from

Muhyeddin's brother, Majdi Muhyeddin ("Majdi"), and his corporation, Debwani, Inc. At that

time a gas station, convenience store, and commercial rental units were located on the Property.

Plaintiff further alleges that Plaintiff and Defendant Elgadi each contributed three-hundred fifty

thousand dollars ($350,000.00) to purchase the Property, and they agreed that Elgadi would

operate the gas station and convenience store as a partnership asset for five (5) years, and Elgadi

would pay Muhyeddin a monthly sum of $23,000 as Muhyeddin's initial investment and a portion

of the net profits, and then Muhyeddin would take over operations.[3] The basis of Plaintiff's

complaint is that since 2010, Elgadi has operated the gas station and convenience store but has

refused to pay Muhyeddin the agreed amount for his investment, nor provide any accounting of

the finances of the partnership; that Elgadi has refused to allow Muhyeddin to have equal

participation in the business, and Elgadi even forced Muhyeddin out of the store when he visited

in the store in 2017. Muhyeddin also claims Elgadi is living in and using one of the rental units on

the Property as his personal residence without Muhyeddin's consent. Muhyeddin claims he has

---

[3] The payment terms described in the Complaint are not precise.

made numerous demands for an accounting and for his share of net profits, but Elgadi has not complied with the 2008 agreement.

¶3     Plaintiff's complaint includes a demand for an accounting, a demand for profits and return of investment, demand for participation, misuse of partnership property, and injunctive relief. In their answer and counterclaims, Defendants deny the existence of a partnership, deny that Muhyeddin is entitled to any profits from the businesses at the Property, and assert there is no privity between the parties. Elgadi's counterclaim alleges he was a co-owner of the Property, that in 2001 his brother Majdi separated the Property and operated the gas station and convenience store and commercial building in partnership with Elgadi, but the parties later changed their agreement and Elgadi became the sole owner of the Property; and Elgadi saved the Property from foreclosure without any contribution from Muhyeddin. Elgadi's counterclaims include four Counts: partition, quiet title, contribution, and declaratory relief.

¶4     Since the onset of this litigation, very little progress has been made. The parties have both served their Rule 26 initial disclosures, but every other attempt to move the case forward has failed. The Defendants' instant motion claims Plaintiff has failed to prosecute and such failure warrants dismissal of Plaintiff's complaint and entry of judgment on two of Defendants' counterclaims.

¶5     The relevant timeline of events related to the instant motion is as follows:

1. On November 15. 2018, Plaintiff filed a five-count complaint, alleging he and Elgadi are business partners and joint owners of the Property, on which Elgadi continues to operate a gas station and convenience store.

2. On January 14, 2019, Defendants filed an answer and counterclaims for partition, quiet title, contribution, and declaratory relief.

3. On February 1, 2019, Plaintiff filed an answer to Defendants' counterclaims.

4. On August 22, 2019, this Court ordered the parties to conduct a scheduling conference by September 3, 2019, and submit a discovery plan to the Court by September 17, 2019.

5. On September 17, 2019, the parties filed a proposed scheduling plan, and the Court approved it the next day.

6. On November 22, 2019, Defendants served initial disclosures.

7. On December 6, 2019, Plaintiff served initial disclosures.

8. On January 16, 2020, the parties filed a joint motion to amend the discovery plan. The Court approved the plan on January 22, 2020. In pertinent part, the plan ordered that fact discovery be completed by May 30, 2020, written discovery be completed by March 31, 2020, fact depositions be completed by May 1, 2020, and mediation commence no later than May 15, 2020.

9. On September 16, 2020, the Court directed the parties to provide the status of the case and whether the matter had been mediated. Plaintiff responded on October 27, 2020, stating that due to the Covid-19 pandemic and an injury to Plaintiff's counsel that required surgery and rehabilitation, the mediation had not yet occurred.

10. On November 23, 2020, the Court extended the mediation deadline to December 31, 2020, and further ordered that the parties file an amended scheduling plan if the matter was not resolved by January 15, 2021.

11. On December 28, 2020, the parties met to mediate the matter, but after the initial conference they recessed for further discussions. The mediation report states the mediator would file his final report by January 31, 2021.

12. On February 26, 2021, the mediator filed his report stating the parties were at total impasse and require Court action.

13. On May 4, 2021, the Court held a status conference. The parties disagreed whether more mediation and more discovery were necessary. But the Court ordered the parties to meet and confer to develop a new scheduling plan.

14. Also on May 4, 2021, Defendants served their first set of interrogatories and request for production of documents on Plaintiff.

15. On May 12, 2021, the parties filed a new stipulated scheduling plan with the Court. The Court approved it on May 17, 2021. In pertinent part, the plan stated fact discovery shall be completed by July 30, 2021, written discovery served by May 20, 2021, and fact depositions completed by July 30, 2021. The Court also scheduled a status conference for February 22, 2022.

16. On July 30, 2021, Defendants filed the instant motion to dismiss, claiming Plaintiff failed to cooperate in discovery.

¶6    This chronology shows that Defendants propounded the interrogatories and request for production of documents to Plaintiff on May 4, 2021. As of the date Defendants filed the instant motion to dismiss, Plaintiff had not filed responses to the discovery requests. Defendants argue Plaintiff has allowed this case to languish for years with no explanation for the failure to cooperate in discovery and Plaintiff's "complete and inexcusable failure" to cooperate in discovery or to take any steps to prosecute the matter should result in dismissal of plaintiff's complaint and entry of judgment on Defendants' counterclaims. Defendants argue they were the only ones endeavoring to push the case forward, and, despite such efforts, Plaintiff has failed to adhere to three (3) scheduling orders, and each time Defendants took the lead in revising the scheduling plans. Defendants urge that dismissal of plaintiff's complaint is the only appropriate remedy. Defendants also ask for judgment on two of their counterclaims.[4]

¶7    In response, Plaintiff acknowledges his responses to Defendants' interrogatories and request for production are late, but notes Plaintiff's counsel has been in contact with his client, Muhyeddin, to obtain responses and return them to Defendants. That response was filed on August 31, 2021. Plaintiff states he could not provide a date certain for completion of the interrogatories, since counsel was relying upon Muhyeddin to complete them, and it was made more difficult by Muhyeddin's current residence being in North Carolina.[5]

---

[4] Because Defendants provide no argument or reasoning to support their request for default judgment on Counts Two and Four of their counterclaim, the Court will not address that request and will deny that portion of Defendants' motion.

[5] In addition, Plaintiff argues that Defendants had two changes in counsel and did not settle on current counsel until November 7, 2019. However, the change in defense counsel does not justify any delay on the part of *Plaintiff* since he had not yet even filed his Rule 26 initial disclosures.

¶8     The Court notes that in the period of more than a year since Plaintiff filed his opposition to the motion to dismiss, Plaintiff still has not filed responses to Defendants' discovery requests.

## LEGAL STANDARD

¶9     Discovery issues, such as failure to attend one's own deposition, serve answers to interrogatories, or respond to a request for inspection, are addressed in V.I. R. Civ. P. 37(d). The Court may order sanctions if a party, after being properly served with interrogatories, fails to serve its answers, objections, or written response. V.I. R. Civ. P. 37(d)(1)(A)(ii). That rule refers to V.I. R. Civ. P. 37(b)(2)(A)(i)-(vi), which details the sanctions available for such procedural failures. V.I. R. Civ. P. 37(d)(3). Such sanctions include:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)   striking pleadings in whole or in part;
(iv)    staying further proceedings until the order is obeyed;
(v)     dismissing the action or proceeding in whole or in part;
(vi)    rendering a default judgment against the disobedient party.

V.I. R. Civ. P. 37(b)(2)(A)(i)-(vi).

¶10    Involuntary dismissal, described in V.I. R. Civ. P. 41(b), provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Virgin Islands Supreme Court adopted a set of six factors, which the Court must balance to determine whether dismissal is appropriate. *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505 (V.I. 2010) (adopting the standard established by the Third Circuit in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)). The factors to be balanced are:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of

dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 510 (citing *Poulis*, 747 F.2d at 868). The Virgin Islands Supreme Court has instructed that "[a]lthough a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings." *Battiste v. Auction.com*, 2022 VI SUPER 65, ¶ 16 (quoting *Molloy v. Independent Blue Cross*, 56 V.I. 155, 186 (V.I. 2012)). In other words, "the extreme sanction of dismissal is reserved for instances in which a trial court makes appropriate findings to all six factors and without them, the drastic sanction of dismissal cannot be warranted." *Id.* (citing *Molloy*, 56 V.I. at 186) (internal quotations omitted).

## ANALYSIS

**Though some of the *Halliday* factors weigh in favor of dismissal, Defendants' motion to dismiss will be denied because less extreme sanctions are available.**

### 1. Extent of Plaintiff's personal responsibility for the delay.

¶11    The first *Halliday* factor "focuses on the party's conduct [and examines] whether the party was responsible for the actions or inactions that led to dismissal of the case." *V.I. Taxi Assoc. v. V.I. Port Auth.*, 67 V.I. 643, 693-694 (V.I. 2017) (quoting *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 300 (V.I. 2010)). This inquiry differentiates the acts of a party from the acts of their counsel. *Id.* (citing *Molloy v. Independence Blue Cross*, 56 V.I. 155, 190 (V.I. 2012); *Poulis*, 747 F.2d at 868).

¶12    Plaintiff argues Defendants have made no showing that Muhyeddin himself is at fault for the delay, rather than Plaintiff's counsel. In their reply, Defendants note Plaintiff's opposition contains some inconsistencies: Plaintiff's explanation of the delays being due to the logistical

difficulties of Muhyeddin living in North Carolina does not align with Plaintiff's statement that he has very few or no supporting documents to provide.[6] Accordingly, Defendants state, regardless of Muhyeddin's location, there was no explanation for the lengthy delay, particularly if there is nothing of substance for Muhyeddin to collect and provide to Defendants.

¶13    In this matter, there is no demonstrated indication whether it is Muhyeddin or his counsel who is responsible for the subject delay, although counsel stated – months ago – he is awaiting responses from Muhyeddin. Plaintiff's counsel notes he experienced a significant injury during the summer of 2020, for which he required surgery and rehabilitation, which contributed to the delay. However, Defendants did not send their interrogatories and requests for production of documents until May 4, 2021. Thus, Plaintiff's counsel's injury in 2020 may have contributed to not moving the matter forward, but it had no impact on the delay in responding to discovery requests propounded in May 2021. Both parties provided the Court with a copy of Plaintiff's email to Defendants, dated July 8, 2021, asking for a duplicate copy of the discovery requests, stating counsel had "misplaced" the documents.[7] By the time the Plaintiff requested a duplicate set of documents, his responses were already late. Losing the documents indicates lack of attention to this matter by Plaintiff's counsel. Further, in his opposition, Plaintiff seems to allude that Muhyeddin himself was delinquent in responding to the interrogatories, and further blames the delay on the distance between counsel and his client. However, with the development of technology, the frequent use of e-mail, Zoom, free long-distance calling, and other technologies, the Court does not find the distance to be a valid reason for delay.[8] Even if the distance between

---

[6] It is plausible that Plaintiff's counsel is aware his client has few documents to support his claim, but that Muhyeddin himself must draft responses to the interrogatories for counsel's review.

[7] Defendant tendered a duplicate copy of the discovery requests within minutes of Plaintiff's request.

[8] On July 26, 2021, Plaintiff told Defendants by email, "we are working diligently to get you the responses by Tuesday." *See* Exhibits H and I, attached to Defendants' motion.

counsel and plaintiff did contribute to a short delay, it certainly cannot account for a delay of more than one year. Therefore, this factor weighs in favor of dismissal.

## 2. Prejudice to the opposing party.

¶14　Prejudice to the opposing party involves "either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior." *Molloy v. Independence Blue Cross*, 56 V.I. 155, 189 (V.I. 2012) (citing *Poulis*, 747 F.2d at 868; *Remy v. Ford Motor Co.*, 41 V.I. 141, 152-53 (V.I. Super. Ct. 2006)). Prejudice is "inevitable with undue delay, which could cause memories to fade and perceptions of events to be altered." *Encarnacion v. Gov't of the V.I.*, No. SX-15-CV-533, 2018 V.I. LEXIS 73, at *5-6 (V.I. Super. Ct. 2018) (quoting *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010) (internal quotations omitted)). Prejudice also includes the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Watts*, 54 V.I. at 291 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 259-60 (3d Cir. 2008)).

¶15　Defendants note Plaintiff's claims are based on events that allegedly occurred as many as twenty (20) years ago, such that memories are stale, witnesses have died, and documents are lost. Further, Defendants note, the lack of any documents or responses from Plaintiff demonstrates he likely lacks such evidence. In his opposition, Plaintiff contends the delayed response has not caused prejudice to the Defendants at a level requiring dismissal. Plaintiff notes there is no indication Defendants incurred costs, burdens, or losses from any effort to obtain an order to compel Plaintiff comply with discovery. Plaintiff claims his delay was less than ninety (90) days, significantly less than the years-long delays in which courts have found prejudice. To the contrary, in their reply, Defendants reiterate that the underlying dispute within this matter surrounds an

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 10 of 18

Cite as 2022 VI Super 96U

alleged oral agreement between the parties and Defendants' alleged refusal to pay Plaintiff since 2010. Defendants note the failure to produce any documentation appears to display that Plaintiff has no documents and plans to rely entirely on witness testimony about their memory of conversations taking place fourteen (14) years ago. Additionally, the Defendants note, the Plaintiff's key witness, Muhyeddin's brother, Majdi, passed away in 2011. Without any information provided by Plaintiff with respect to the alleged oral agreement and previous demands for funds, Defendants argue they had no way to prepare for depositions or to move the matter forward. Defendants further note they have raised statute of limitations and laches as affirmative defenses.

¶16 The subject motion was filed on July 30, 2021, the same day that fact discovery and fact depositions were due to be completed, pursuant to the then-effective scheduling plan. The Court is unpersuaded that Defendants were severely prejudiced at the time they filed the instant motion since the discovery responses were then six weeks overdue. However, given this was the second time the Plaintiff failed to adhere to a scheduling plan, and there was no scheduled date to depose Muhyeddin or any of Plaintiff's other witnesses (who he claims will provide the majority of the pertinent evidence, given the lack of documentary evidence), it is reasonable that Defendants sought to take further action to move the matter along or have it dismissed. And now those discovery responses are more than one year late. Defendants have been responsible for the minimal progress made, and upon reviewing the exhibits both parties attached to the instant motion and opposition, it is apparent Defendants made repeated efforts to elicit the necessary discovery and schedule depositions to move the matter forward, with little to no cooperation from Plaintiff. And certainly, there is no indication that Plaintiff initiated communication or efforts to move the matter along. The Court notes the costs associated with the additional effort taken to keep the parties on

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 11 of 18

Cite as 2022 VI Super 96U

task is likely significant, including all the communication from Defendants as well as the hours taken to write and file the instant motion and reply. Additionally, though Defendants filed their reply in this matter in March 2022, there has still been no proffer of discovery from the Plaintiff or any explanation as to his ongoing delay, as of the date of this opinion. Even if there are few documents to support Plaintiff's claims and few documents to produce, that void does not excuse the duty to file responses to the interrogatories and even a formal response to the request for documents so that Defendants may be apprised of Plaintiff's evidence.

¶17 The Court finds very puzzling Plaintiff's continuing delay with no apparent explanation. However, even Defendants did not propound discovery requests until May 4, 2021. And they filed counterclaims, so, Defendants have their independent duty to prosecute their counterclaims. While the Court detects some prejudice to the Defendants based on the costs and efforts fruitlessly expended to move the matter forward, the Court does not find the prejudice to be so strong as to trigger dismissal. Accordingly, this factor weighs slightly in favor of dismissal.

### 3. Plaintiff's history of dilatoriness.

¶18 Conduct that merely occurs once or twice does not demonstrate a history of dilatoriness. *Encarnacion*, 2018 V.I. LEXIS 73, at *7 (citing *Briscoe*, 538 F.3d at 261). Rather, it is "[e]xtensive or repeated delay or delinquency [that] constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* (quoting *Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). A history of dilatoriness is characterized by a consistent delay from the plaintiff's counsel. *Taha v. Sharmouj*, 2022 VI SUPER 21U, at ¶ 15, (citing *Gilbert v. Gilbert*, SX-15-CV-508, 2017 V.I. LEXIS 143, at *8 (Super. Ct. Sep. 11, 2017)).

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 12 of 18

Cite as 2022 VI Super 96U

¶19    Defendants make no arguments with respect to this factor within the instant motion. In opposition, Plaintiff contends there is no history of dilatoriness, stating Defendants made no argument on this factor because there is no evidence to support it. In their reply, Defendants argue that prior to commencing this action, Plaintiff "sat on his rights" for ten (10) years before bringing suit, and after filing suit, the Plaintiff has made no significant efforts to move the matter forward. Indeed, Defendants claim, they have prepared multiple Rule 26 scheduling plans, served Rule 26 initial disclosures, arranged mediation, and endeavored to complete mediation, with little or no cooperation from Plaintiff. Defendants note any effort to move forward has been slighted by Plaintiff's "stale and flimsy" claims and the lack or nonexistence of documentation to support them.

¶20    Though Defendants only addressed this factor in their reply (effectively waiving the argument when they failed to raise it in the instant motion), the Court will still review the facts of this matter under each *Halliday* factor in order to accurately balance the factors. *Todman v. Hicks*, No. ST-16-CV-158, 2018 V.I. LEXIS 133, at *3 (V.I. Super. Ct. Mar. 5, 2018) (citing *Halliday*, 53 V.I. at 511) (stating "the Superior Court must make express findings as to each factor"). Based on the record and the parties' motions, the Court finds Plaintiff has done nothing to move this matter forward since he filed Rule 26 initial disclosures in December 2019. The parties have repeatedly failed to adhere to a scheduling plan. First, the parties' scheduling plan came and went during the onset of the Covid-19 pandemic, which is a neutral reason for delay. Then, while the parties adhered to the Court's order to hold a mediation prior to December 31, 2020, after the parties adjourned with the intention to meet and continue mediating, they never reconvened. In their most recent attempt to advance this matter, the parties established a discovery timeline for the summer of 2021. The email exchanges between the parties, attached as exhibits to both parties'

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 13 of 18

Cite as 2022 VI Super 96U

motions, display Defendants consistently requesting updates and additional information, and Plaintiff repeatedly provided assurances that he would respond and provide the requested documentation, but still (as of the date this opinion was filed) has yet to do so. While this litigation has been pending for nearly four years, the lack of effort put forth and continuous delay on the part of Plaintiff indicates a pattern of such behavior.[9] Even so, the Plaintiff cannot be faulted for all the delays involved in this matter, so the Court finds this factor to be neutral with respect to the balancing test.

### 4. Willful or bad faith conduct.

¶21    "Willfulness involves intentional or self-serving behavior." *Encarnacion*, 2018 V.I. LEXIS 73, *7-8 (quoting *Adams*, 29 F.3d at 875). A trial court "must point to specific evidence to justify its determination of willfulness or had faith." *Taha*, 2022 VI SUPER 21U, at ¶ 16 (quoting *Molloy*, 56 V.I. at 192). When there is no evidence of willfulness on the record, the Court must presume the party or attorney's contested conduct was not willful or in bad faith. *Molloy*, 56 V.I. at 174.

¶22    Neither party makes arguments that there was or was not bad faith or willful conduct in this matter. In their reply, Defendants state the record indicates there "may" be willfulness or bad faith, since the Plaintiff had not served his discovery responses as of the date Defendants filed their reply on March 3, 2022, at which time the discovery responses were nine (9) months overdue.[10] Upon reviewing the record of this case, it is evident Plaintiff has failed to adhere to deadlines and to date has not filed responses to Defendants' outstanding interrogatories and request for production, but the Court finds no evidence of intentional self-serving behavior from the Plaintiff,

---

[9] The Court rejects Defendants' arguments that Plaintiff demonstrated a pattern of delay by sitting on his rights before filing the complaint that initiated this matter. Plaintiff's pre-litigation behavior cannot be a factor in deciding whether a party was dilatory in litigation.

[10] But as of the issuance of this opinion, Plaintiff's responses are now seventeen (17) months overdue. In the interim, Plaintiff has never filed a motion for an enlargement of time to file his discovery responses.

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 14 of 18

Cite as 2022 VI Super 96U

nor any indication of willfulness nor bad faith. Accordingly, the Court finds this factor weighs against dismissal.

### 5. Effectiveness of sanctions other than dismissal.

¶23    Dismissal is a sanction of last resort, so courts must consider alternative methods to effectively sanction a dilatory litigant before ordering dismissal. *Encarnacion*, 2018 V.I. LEXIS 73, at *8 (citing *Poulis*, 747 F.2d at 869). "The court should consider whether a lesser sanction would better serve the interests of justice." *Id.* at *8-9 (quoting *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990)). Alternative sanctions can include "excluding evidence, precluding witnesses, striking portions of pleadings, or imposing monetary sanctions to compensate the harmed party for reasonable expenses, including attorney's fees, caused by the noncompliance." *Gilbert*, 2017 V.I. LEXIS 143, at *10 (citing *Carty v. Mason*, No. ST-06-CV-433, 2010 V.I. LEXIS 88, at *8 (V.I. Super. Ct. Dec. 7, 2010)). The most "direct and therefore preferable sanction for the pattern of attorney delay . . . would be to impose the excess costs caused by such conduct directly upon the attorney, with an order that such costs are not to be passed on to the client, directly or indirectly." *Watts*, 54 V.I. at 310 (Swan, J., concurring) (quoting *Poulis*, 747 F.2d at 869).

¶24    Defendants argue Plaintiff's failure to participate in this matter and the ongoing burden on Defendants due to the stalled litigation entitles Defendants to an order of dismissal and removal of any interest Muhyeddin may have in the business or the Property. Plaintiff responds that Defendants have made no showing as to why lesser sanctions are inappropriate since dismissal is the most extreme sanction available and should only be used under extraordinary circumstances. Plaintiff notes although Defendants attached email communication between the parties, this only indicates the matter has not been at a years-long standstill, as is often the case for matters dismissed for failure to prosecute. Plaintiff notes he is active on this matter and an order from the Court will

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 15 of 18

Cite as 2022 VI Super 96U

suffice to get the case back on track. In reply, Defendants reiterate their original arguments for dismissal, and suggest the only alternative is an order to compel, which they opted not to file because they claim it would not be adhered to and only serve to further delay the case.

¶25    In *Rohn v. Daily News Publishing Company*, a 2015 Virgin Islands Superior Court case, the defendants failed to seek any sanctions against the plaintiff prior to filing a motion to dismiss for failure to prosecute. *Rohn v. Daily News Publ. Co.*, No. SX-04-CV-158, 2015 V.I. LEXIS 126, at *13 (V.I. Super. Ct. 2015). In that case, the defendants never filed a motion to compel the plaintiff to appear to be deposed, nor did they file a motion to compel the plaintiff to answer their discovery requests. *Id.* at *13-14. The *Rohn* court noted dismissal is an appropriate sanction only when "other lesser sanctions have proven futile." *Id.* at *14 (quoting *Brunn v. Daimlerchrysler Corp.*, No. 2001-0125, 2007 U.S. Dist. LEXIS 98198, at *4 (D.V.I. Nov. 26, 2007)). In the *Rohn* decision, the court ordered lesser sanctions than the requested dismissal; specifically, to fit the facts of the case in which the plaintiff failed to appear for her scheduled deposition or provide an alternative date to hold such deposition, the court barred the use of any testimony plaintiff would have provided at such deposition at trial. *Id.* at *14.[11]

¶26    In the instant matter, Defendants also jumped directly to requesting the most extreme sanction of dismissal, rather than considering alternative sanctions. Pursuant to V.I. R. Civ. P. 37(a), Defendants were entitled to move to compel discovery for Plaintiff's failure to answer an interrogatory or produce documents. V.I. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Though there is nothing within V.I. R. Civ. P. 37 requiring a party move to compel discovery prior to moving to dismiss the matter for failure to prosecute, the Court notes filing a motion to compel prior to such motion

---

[11] The *Rohn* matter was eventually dismissed following plaintiff's motion for voluntary dismissal. *Rohn v. Daily News Publ. Co.*, 72 V.I. 301 (V.I. Super. Ct. Dec. 19, 2019).

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 16 of 18

Cite as 2022 VI Super 96U

to dismiss is the general convention. In this case, the Court is persuaded there is an alternative to the extreme sanction of dismissal, particularly given Plaintiff's opposition to the instant motion, which indicates his continued interest in and dedication to the litigation. Accordingly, the availability of alternative sanctions weighs against dismissal as a sanction.

### 6. Meritoriousness of Plaintiff's claims.

¶27    To determine whether claims are meritorious for this inquiry, the Court does not use summary judgment standards; rather, a claim is deemed "meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Encarnacion*, 2018 V.I. LEXIS 73, at *10 (quoting *Poulis*, 747 F.2d at 869-70).

¶28    The parties make lengthy arguments regarding the specific facts of the matter; however, such arguments are not necessary to analyze the meritoriousness of Plaintiff's claims under the applicable standard, articulated in *Encarnacion v. Government of the Virgin Islands* and *Poulis v. State Farm Fire and Casualty Company*. Accordingly, the Court looks to the original complaint to determine the meritoriousness of Plaintiff's claims.

¶29    Plaintiff filed a five-count complaint: (1) demand for accounting, (2) demand for profits and return of investment, (3) demand for participation, (4) misuse of partnership property, and (5) preliminary and permanent injunction. The major dispute in this matter centers on whether there existed (or exists) an agreement establishing a partnership under which the parties agreed to co-own and operate a gas station and convenience store, and, if such agreement exists, whether Defendants violated its terms, entitling Plaintiff is entitled to the recovery requested in his original complaint. Upon review of the complaint, the Court finds that if all the allegations therein are

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 17 of 18

Cite as 2022 VI Super 96U

proven at trial, the Plaintiff may be entitled to recovery on his claims.[12],[13] Accordingly, the potential meritoriousness of the case weighs against dismissal.

### 7. On balance, the *Halliday* factors do not weigh in favor of dismissal.

¶30    The Court finds factors one and two weigh in favor of dismissal. However, the Court also finds factor three is neutral with respect to dismissal, and factors four, five, and six weigh against dismissal. Accordingly, upon balancing the *Halliday* factors and considering the circumstances of this matter, the Court finds the extreme sanction of dismissal is not the appropriate remedy at this stage of the litigation. However, as discussed above, there are alternative sanctions which are appropriate for these circumstances. First the Court will award attorney's fees to Defendants. Second, the Court will order Plaintiff to promptly respond and provide Defendants with the outstanding discovery within fifteen (15) days of entry of this opinion and corresponding order. Should Plaintiff fail to respond within the allotted time, the Court will implement sanctions similar to those within the *Rohn* case, barring introduction at trial of any of the items Defendants have repeatedly requested from Plaintiff in the outstanding interrogatories and request for production.

### CONCLUSION

¶31    The Defendants have not demonstrated they are entitled to dismissal of the complaint at this stage of the proceeding. However, the Court finds Plaintiff's unexplained lengthy delay is

---

[12] Count I is a demand for accounting, where Plaintiff claims he is entitled to an accounting of the finances of the business from his partner Elgadi, citing to 26 V.I.C. §§ 74 and 75. Count II is a demand for profits and return of investment. Count III is a demand for participation, where Plaintiff claims he is entitled to equal access and equal participation in the partnership. Count IV alleges misuse of partnership property as Plaintiff claims Elgadi should be paying monthly rent to the partnership for his use of one of the rental units as a living space. Count V seeks preliminary and permanent injunction, as Plaintiff claims he does not have an adequate remedy in law to recover the damages he will suffer due to his exclusion from the partnership.

[13] The Court must also acknowledge, however, that Defendants' counterclaims could potentially defeat plaintiff's claims at trial.

*Amjad Muhyeddin v. Jarrah Elgadi and Elgadi Enterprise, LLC*
Case No. ST-2018-CV-00751
Memorandum Opinion
Page 18 of 18

Cite as 2022 VI Super 96U

sanctionable. The Court will allow Defendants to file a petition for attorney's fees for the time associated with drafting the motion to dismiss and filing a reply to Plaintiff's opposition. In addition, the Court will order Plaintiff to respond to the outstanding discovery requests within fifteen (15) days, failing which Plaintiff will be barred from introducing into evidence at trial the documents responsive to the outstanding request for production of documents and offering any testimony or evidence that is responsive to the outstanding interrogatories. Additionally, because Defendants made no arguments specific to their request that the Court enter judgment on their Counterclaims to quiet title and for declaratory judgment, the Court will deny such request.

An order consistent herewith will immediately follow.

DATED:    November 29, 2022

Kathleen Mackay
Judge of the Superior Court
of the Virgin Islands

ATTEST:
TAMARA CHARLES
Clerk of the Court

BY: _____
DONNA D. DONOVAN
Court Clerk Supervisor    11/29/2022

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

AMJAD MUHYEDDIN,         )     **Case No. ST-2018-CV-00751**
                          )
           Plaintiff,   )
vs.                      )
                          )     ACTION FOR BREACH OF
**JARRAH ELGADI and**        )     PARTNERSHIP, ACCOUNTING,
**ELGADI ENTERPRISE, LLC,**   )     DECLARATORY RELIEF,
                          )     ACTION FOR PRELIMINARY
                          )     AND PERMANENT INJUNCITON
          Defendants.  )
_____)

## <u>ORDER</u>

**THIS MATTER** is before the Court on a Motion to Dismiss for Failure to Cooperate in Discovery, filed by Defendants on July 30, 2021. For the reasons set forth in the Memorandum Opinion entered on this day, it is hereby

**ORDERED** that the Motion is **DENIED**; it is further

**ORDERED** that the portion of Defendants' Motion seeking entry of judgment on their counterclaims is **DENIED**; it is further

**ORDERED** that Plaintiff shall, **within fifteen (15) days of entry of this Order**, file full and complete responses to the outstanding interrogatories and request for production of documents, *failing which the Plaintiff will be barred from offering any testimony or evidence at trial that would have been responsive to the outstanding discovery requests*; it is further

**ORDERED** that Defendants will be granted an award of attorney's fees for the time associated with filing the Motion and defending same; it is further

**ORDERED** that Defendants shall submit the appropriate petition for an award of fees **within thirty (30) days of entry of this Order**; and it is finally

**ORDERED** that copies of the Memorandum Opinion and this Order shall be directed to counsel of record.

DATED: November 29, 2022

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
DONNA D. DONOVAN
Court Clerk Supervisor  11/29/2022